PEOPLE *v.* GUNSELL.

1. INDICTMENT AND INFORMATION—HABITUAL CRIMINAL ACT.
    Supplemental information which charged defendant with being a third offender was fatally defective where it failed to charge a first offense and failed to recite a conviction of the third offense (CL 1948, § 769.13).

2. CRIMINAL LAW—ASSISTANCE OF COUNSEL.
    A trial court is not required to furnish counsel to one accused of crime in the absence of the accused's request therefor.

3. CONSTITUTIONAL LAW—HABITUAL CRIMINAL ACT.
    The habitual criminal act is not in violation of claimed rights under the Constitution of the United States.

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur, Habitual Criminals and Subsequent Offenders § 26.
[1, 3] Constitutionality and construction of statute enhancing penalty for second or subsequent offense. 58 ALR 20; 82 ALR 345; 116 ALR 209; 132 ALR 91; 139 ALR 673.

4. CRIMINAL LAW—HABITUAL CRIMINAL—DEFECTIVE INFORMATION.

A sentence as an habitual criminal is a nullity, where the information is fatally defective (CL 1948, §§ 769.11, 769.13).

5. SAME—HABITUAL CRIMINAL—LEAVE TO FILE AMENDED INFORMATION.

A sentence as an habitual criminal is a nullity, where founded on an amended information that was filed after the trial court had denied the prosecutor's motion for leave to do so.

6. SAME—DOUBLE JEOPARDY—HABITUAL CRIMINAL.

A defendant who has not been subjected to double jeopardy by reason of proceedings had under defective supplemental informations under the habitual criminal act is not entitled to be discharged from custody, but is entitled to have his conviction and void sentence vacated without prejudice to further proceedings on a proper information (CL 1948, §§ 769.11, 769.13).

7. SAME—HABITUAL CRIMINAL—REMAND FOR PROPER SENTENCE.

Sentence of defendant as a third offender is vacated where based on fatally defective information and cause is remanded for imposition of a proper corrected sentence on plea of guilty of breaking and entering and for further appropriate proceedings (CL 1948, §§ 769.11, 769.13).

Appeal from Genesee; Gadola (Paul V.), J. Submitted June 14, 1951. (Docket No. 60, Calendar No. 45,035.) Decided September 5, 1951.

Alonzo Gunsell pleaded guilty to breaking and entering. He was sentenced as third offender. Reversed and remanded for further proceedings.

*Alonzo Gunsell,* in pro per.

*Frank G. Millard,* Attorney General, and *Chester R. Schwesinger,* Prosecuting Attorney, for the people.

BUSHNELL, J. On March 7, 1946, defendant Alonzo Gunsell and one Joseph Burgess, who is not a party to this appeal, were arraigned jointly on an infor-

mation charging them with breaking and entering in the nighttime on February 21, 1946, with intent to commit larceny. Both pleaded guilty. On March 11, 1946, they were jointly arraigned on a supplemental information charging them with being third offenders.

The supplemental information recited the breaking and entering on February 21, 1946, and that Gunsell was a third offender in that on March 3, 1939, he was convicted of perjury in Genesee county, that being a second offense.

The supplemental information does not recite the requisite first offense, and does not say that Gunsell was convicted on the breaking and entering charge. When Gunsell and Burgess pleaded guilty as third offenders they were not represented by counsel. Gunsell was asked if he ever had been convicted of the crime of perjury, and he answered, "No, sir." The court then observed: "He has been convicted of burglary twice before. He was convicted before Judge Elliott in 1938 for burglary." Assistant Prosecutor Shaheen replied:

"We will have to make a motion to amend the information, Your Honor.

"*The Court:* Burgess, your former conviction was a second offense of burglary too, wasn't it?

"*A.* Yes, sir.

"*The Court:* (To Mr. Shaheen) He will have to amend the information.

"*Mr. Shaheen:* I will amend the information as far as Mr. Gunsell is concerned."

An undated amended supplemental information, which does not contain the perjury charge, is attached to the record. In this supplemental information it is charged that Gunsell and Burgess did feloniously break into and enter a coal office in the nighttime on February 21, 1946. This is again

charged as a third offense. Gunsell is also charged with having been convicted on March 3, 1939, of breaking and entering in the nighttime. This is charged as a second offense. Burgess is charged with the 1946 breaking and entering as a third offense, and he is also charged with a second offense in that he pleaded guilty on April 2, 1938, to breaking and entering on a date not recited in the information. No first offense is charged in this supplemental information against either defendant.

The recitals in the settled record say this amended supplemental information was filed March 11, 1946.

On March 25, 1946, both men were sentenced by Judge Gadola to imprisonment for not less than 15 nor more than 30 years for breaking and entering in the nighttime as third felony offenders.

There is nothing in the transcript of March 25, 1946, to indicate that the sentence was imposed for the breaking and entering of February 21, 1946. There is in the files the certified copy of the warrant for the removal of prisoner, indicating that Gunsell's sentence of 15 to 30 years was for "breaking and entering in the nighttime, third offense." No date of the offense is recited.

On May 19, 1947, a hearing was had on Gunsell's motion to withdraw his plea of guilty and vacate the judgment. He was at that hearing represented by counsel who raised questions of (1) denial of aid of counsel at his trial, (2) failure to impose sentence on the prior conviction, and (3) failure of the court to comply with the statute regarding arraignment, trial and sentence on supplemental information. (CL 1948, § 769.13 [Stat Ann § 28.1085].) This motion was denied and no appeal was taken.

A motion for a rehearing was filed on February 16, 1949, and denied on April 27, 1949. At this hearing the prosecutor's motion for leave to file a second

"amended supplemental information" was also denied.

On November 25, 1949, a second motion for a rehearing was filed. It was denied March 2, 1950.

March 23, 1950, the trial court entered an order rejecting Gunsell's proposed concise statement of facts, which he says he had filed on March 6, 1950. Gunsell claims that he then filed a "corrected application for leave to appeal," and that the trial judge on October 12, 1950, signed and certified "a counter-concise statement of facts submitted by the people." The certificate which the trial judge signed, as shown by the files of this Court, is, however, limited in nature and was signed by him on March 2, 1951.

This Court granted Gunsell leave to appeal on January 9, 1951.

The typewritten record on appeal contains certified copies of the transcript of proceedings before Judge Gadola on March 6, 1946, March 11, 1946, and March 25, 1946. In the last of these there is a statement by the trial judge to Gunsell regarding his criminal record, with mention of a 4-year probation imposed by Judge Black (no date mentioned), indicating a first offense, and another pertaining to a charge of unlawfully driving away an automobile, and some intimation that the one then under consideration was a fourth offense and that Gunsell was at the time on parole. None of these matters, however, is included in either the original or amended supplemental information on which Gunsell and Burgess were jointly charged as third offenders.

The transcript of the hearing on May 19, 1947, on Gunsell's motion to set aside conviction, et cetera, shows the following:

Gunsell's counsel stated:

"The proceedings I have here from the clerk's office only show a sentence on the habitual criminal act.

"*The Court:* That is all that is necessary.

"*Mr. McLaughlin:* There was no sentence on the breaking and entering charge.

"*The Court:* That is all that is necessary."

No explanation is given regarding a certified copy of record of sentence on plea of guilty on the breaking and entering charge, which appears in the settled record. This copy does not mention a third offense. It shows that a sentence of 15 to 30 years was imposed on March 25, 1946, with "recommendation that sentence and parole run concurrently." The statutory maximum sentence for breaking and entering in the nighttime, et cetera, is 15 years. (CL 1948, § 750.110 [Stat Ann § 28.305].)

Gunsell, who appears here *in pro per,* states in his brief that on March 11, 1939, he received a sentence of $7\frac{1}{2}$ to $22\frac{1}{2}$ years upon his conviction as a second offender.

The certified transcript of the proceedings of March 25, 1946, on the supplemental charge is silent as to his sentence, except it shows, after questioning Gunsell at length regarding prior convictions and his violation of the habitual criminal act, the court said:

"The sentence is in your case, Mr. Gunsell, 15 to 30 years. That is what has to be imposed, so that will be at Jackson prison."

Then follows a colloquy regarding Burgess and the imposition on him of a like sentence in the same prison. However, immediately thereafter appears this statement:

"The court will make a recommendation that this sentence and their parole run concurrently. That will be the recommendation of the court. The further recommendation of the court is these 2 individuals be separated, kept in separate institutions, and

that none of the 3 be in the same institution and none of the 3 can communicate with one another."

No explanation is given regarding the third party concerned.

The unsatisfactory condition of the record and defendant's appearance here *in pro per* imposes as great a responsibility on this Court as his presence at his trial without the aid of counsel should have imposed upon the experienced trial judge.

The supplemental information on which Gunsell was charged with being a third offender is fatally defective. The absence of any charge of a first offense or recital of conviction of the third offense will not support a sentence as a third offender in the light of the specific language of the statute. (CL 1948, § 769.13 [Stat Ann § 28.1085].)

The confusing record as settled by the trial judge is not clarified by the people's brief. Appellant's statement of facts and questions involved are accepted by the appellee, but their argument is largely directed to a denial of the claimed error in accepting defendant's plea of guilty without informing him of his constitutional and statutory rights and without inquiring about his desire for the aid and assistance of counsel and his right to trial by jury.

The trial court was not required to furnish counsel. *In re Elliott,* 315 Mich 662, and *People* v. *Quicksall,* 322 Mich 351.

The people assume in their brief that the remaining questions raised by the appellant are without merit and that disposal of the main question will settle the appeal.

Those questions have to do with matters hereinbefore discussed or referred to, save one regarding the claimed violation of Federal constitutional rights by the application of the habitual criminal act. No

discussion of the latter is necessary in view of *People* v. *Palm,* 245 Mich 396.

Defendant pleaded guilty to the charge of breaking and entering in the nighttime on February 21, 1946, with intent to commit a larceny. He does not now deny his guilt.

The transcript indicates that he was sentenced for breaking and entering as a third offender, and the "certified copy of the record on sentence on plea of guilty" that he was sentenced for the breaking and entering alone.

If he was sentenced as a third offender, that sentence was a nullity because of the faulty and defective nature of the supplemental information. See CL 1948, §§ 769.11, 769.13 (Stat Ann §§ 28.1083, 28.1085).

If he was sentenced as a third offender on a second amended supplemental information, that sentence was also a nullity because founded on an amended information filed after the court had denied the prosecutor's motion for leave to do so.

Moreover, Gunsell was not informed "of his right to be tried as to the truth thereof according to law." Nor was he advised as to any of his rights. *People* v. *Brown,* 253 Mich 537 (82 ALR 341).

Defendant, not having been subjected to double jeopardy, is not entitled to be discharged from custody; but he is entitled to have his conviction and sentence as a third offender vacated, without prejudice to further proceedings on a proper information. *Shoener* v. *Pennsylvania,* 207 US 188 (28 S Ct 110, 52 L ed 163), and *United States* v. *Oppenheimer,* 242 US 85 (37 S Ct 68, 61 L ed 161, 3 ALR 516). Compare *In re Wall,* 330 Mich 430.

The conviction and sentence imposed upon a plea of guilty as a third offender is vacated. The cause is remanded for imposition of a proper corrected sentence on the plea of guilty of breaking and enter-

ing, and for further proceedings that may be appropriate thereto not inconsistent with this opinion. No costs.

Reid, C. J., and Boyles, North, Dethmers, Butzel, Carr, and Sharpe, JJ., concurred.