PEOPLE v. EVERSON

CRIMINAL LAW—HABITUAL CRIMINAL STATUTE—INFORMATION—PRO-
CEDURE.
   Action by the prosecution in setting forth in a single informa-
   tion both the current offense charged against defendant and
   the fact that the crime charged was defendant's fourth felony
   *held*, proper; the fact that an offense charged is defendant's
   fourth felony need be set forth in a supplementary informa-
   tion only if it did not appear to the prosecution before con-
   viction that the accused had previously been convicted of a
   felony (CLS 1961, §§ 769.12, 769.13).

Appeal from Lapeer, Timothy C. Quinn and
James P. Churchill, JJ. Submitted Division 2 April
8, 1969, at Lansing. (Docket No. 5,021.) Decided
April 21, 1969. Leave to appeal denied December
23, 1969. See 383 Mich 754.

Roy Everson was convicted, on his plea of guilty,
of unlawfully driving away an automobile, charged
as a fourth felony offense. Defendant's motion for
new trial denied. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, and *Michael C.
Dionise*, Prosecuting Attorney, for the people.

*Norman A. Baguley*, for defendant on appeal.

---

REFERENCE FOR POINTS IN HEADNOTE
39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
   §§ 20, 21.

BEFORE: J. H. Gillis, P. J., and Levin and Bronson, JJ.

Per Curiam. The defendant appeals his conviction upon his plea of guilty of wilfully and without authority taking possession of and driving away an automobile belonging to another, CL 1948, § 750.413 (Stat Ann 1954 Rev § 28.645), charged as a fourth offense, CLS 1961, § 769.12 (Stat Ann 1954 Rev § 28.1084). He was sentenced to life imprisonment.

At the arraignment on the information, the information was read to the defendant, his attention was called to the fact that the currently charged offense was charged as a fourth felony and that under the habitual criminal sections of the code of criminal procedure, he could be sentenced to life imprisonment. The following colloquy between the trial judge and the defendant took place:

"Q. Do you have a lawyer?
"A. No sir.
"Q. Do you know you are entitled to have one?
"A. Yes sir.
"Q. Do you want one?
"A. No."

The defendant asserts that his guilty plea should be set aside because the trial judge failed to comply with the provisions of Court Rule No 35a(1) (1945),[1] presently GCR 1963, 785.3(1), in that he did not advise the defendant "that in case he is *financially unable to provide counsel* the court will, if accused so requests, appoint counsel for him". (Emphasis supplied.)

The defendant's motion for a new trial was denied by the trial judge's successor in office who filed an opinion which in relevant part stated:

---

[1] See 318 Mich xxxix.

"Upon a reading of the transcript of the arraignment there cannot be a shadow of doubt that defendant knew he was entitled to court appointed counsel at public expense, that he was given the opportunity to request such appointment, that he did not want the court to appoint an attorney for him, that he understandingly waived his right to court appointed counsel, that he knew he was being charged as a fourth offender, that he was in fact the same person who was convicted of felonies on three previous occasions in this same court, that he knew he had a right to be tried as to the truth of every allegation contained in the information, that he knew he could be sentenced to prison for life upon acceptance of his plea and that he in fact committed this last offense for the very purpose of being sent to prison for life.

"It is my opinion that there was substantial compliance with applicable statutes and court rules by Judge Quinn."

As in *People* v. *Stearns* (1968), 380 Mich 704, 715, 718, we have concluded that the trial judge's determination just quoted was not clearly erroneous and accordingly the defendant's waiver of counsel was a knowing and intelligent waiver.

The current offense and the fact that it was charged as a fourth felony was set forth in one information. The defendant asserts that the procedures set forth in § 13 of the habitual criminal sections of the code of criminal procedure,[2] which section provides for a supplemental information, should have been followed in this case. In *People* v. *Stratton* (1968), 13 Mich App 350, 356, we held that the procedures set forth in § 13 need not be followed by the prosecutor where it appears to him *before conviction* of the accused person on the current charge that the accused person has theretofore been convicted of a felony.

---

[2] CLS 1961, § 769.13 (Stat Ann 1954 Rev § 28.1085).

In *People* v. *Burd* (1965), 1 Mich App 178, leave to appeal denied by the Michigan Supreme Court October 22, 1965, our Court held that where the information charges the current offense and that the defendant has a prior felony record warranting enlargement of the punishment-under the habitual criminal sections, the information should be amended so as to insure (p 183) "that it will not place before the jury the accused's past criminal record prior to the jury's finding of guilt or innocence" on the current charge. In this case there was no need to keep from the trier of fact the defendant's past felony record as the defendant chose to plead guilty.

Affirmed.