PEOPLE v SANDERS

Docket No. 54648. Decided July 23, 1975.

Paul Sanders was convicted of second-degree murder by a jury in Jackson Circuit Court, Charles J. Falahee, J. The Court of Appeals, Bronson and Targonski, JJ. (Lesinski, C. J., dissenting), reversed in separate opinions, one on the ground that it was error to allow cross-examination of the defendant on an arrest which was not shown to have resulted in a conviction and the other on the ground that it was error to allow cross-examination of the defendant on his convictions of misdemeanors. (Docket No. 12581.) The people apply for leave to appeal. Leave granted, Court of Appeals reversed *sua sponte,* and conviction affirmed. *Held:*

1. The decisional rule that the credibility of a defendant in a criminal case may not be impeached by reference to municipal ordinance or misdemeanor convictions *(People v Renno,* 392 Mich 45; 219 NW2d 422 [1974]) will not be applied to cross-examinations occurring before the date of decision (June 25, 1974) except where all of the following criteria are met: (i) there was no impeachment by reference to a conviction of a felony and (ii) the impeachment by reference to conviction of a misdemeanor occurred first on cross-examination and (iii) the issue was preserved for appeal by proper and timely objection and (iv) the judgment of conviction is pending on appeal or appealable as of right or an application for leave to appeal to this Court has been or can be timely filed.

2. Allowing the cross-examination about an arrest not shown to have resulted in a conviction was not reversible error under the circumstances that the cross-examination occurred before the dates of decisions holding such cross-examination impermissible *(People v Falkner,* 389 Mich 682; 209 NW2d 193 [1973], and *People v Rappuhn,* 390 Mich 266; 212 NW2d [1973]) and that the cross-examination appears to have been in good faith in that the police record used by the prosecutor appeared at first glance to show that the defendant had been convicted of and imprisoned for a robbery in addition to one which he had admitted.

43 Mich App 698; 204 NW2d 706 (1972) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James M. Justin,* Assistant Prosecuting Attorney, for the people.

*Jerome A. Susskind* for defendant.

MEMORANDUM OPINION. The defendant was convicted by a jury of second-degree murder. The Court of Appeals reversed and remanded for a new trial. *People v Sanders,* 43 Mich App 698; 204 NW2d 706 (1972). We grant leave to appeal and *sua sponte,* pursuant to GCR 1963, 865.1(7), reverse the Court of Appeals and affirm the conviction.

There were three opinions in the Court of Appeals, two for reversal and remand for a new trial, one for affirmance. One of the opinions for reversal and remand found error in the cross-examination of the defendant to impeach credibility based on an *arrest* which was not shown to have resulted in a conviction. The other opinion for reversal and remand found error in the cross-examination to impeach credibility based on convictions of *misdemeanors.*

In *People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973), and *People v Rappuhn,* 390 Mich 266; 212 NW2d 205 (1973), this Court held that the credibility of a witness may not be impeached by reference to an arrest which does not result in conviction. In *People v Renno,* 392 Mich 45; 219 NW2d 422 (1974), this Court held that the credibility of a defendant in a criminal case may not be impeached by reference to "municipal ordinance or misdemeanor convictions".

In this case, on *direct* examination, defendant acknowledged that he had spent five years in prison *(cf. People v Rappuhn, supra)* for the offense of unarmed robbery committed in 1965 in Jersey

City, New Jersey. On cross-examination the following questions were posed and answers elicited:

"*Q.* Weren't you arrested and convicted of armed robbery in Jersey City?

"*A.* No, I was not.

"*Q.* Weren't you arrested in Trenton, New Jersey, in 1966 for robbery?

"*A.* No, I was not.

"*Q.* It's your statement that you were arrested just once and convicted once, then, of unarmed robbery in Jersey City?

"*A.* Yes.

"*Q.* You don't want to reconsider that answer?

"*A.* Reconsider it?

"*Q.* Uh-huh.

"*A.* No."

The cross-examination appears to have been in good faith. The defendant's conviction preceded *Falkner* and *Rappuhn*. A "rap sheet" appeared at first glance to show that defendant had been convicted and imprisoned for a robbery committed in Trenton, New Jersey, in 1966.

Reference was also made on cross-examination to defendant's prior misdemeanor convictions of being a disorderly person. However, *Renno* will not be applied retroactively except in cases where all the following criteria are met: (i) there was no impeachment by reference to a conviction of a felony and (ii) the impeachment by reference to conviction of a misdemeanor occurred first on cross-examination and (iii) the issue was preserved for appeal by proper and timely objection and (iv) the judgment of conviction is pending on appeal or appealable as of right or an application for leave to appeal to this Court has been or can be timely filed. Otherwise, *Renno* will be applied to those

cross-examinations occurring after the decisional date of *Renno, supra. People v Steiner,* 392 Mich 783 (1974); *People v Whitmore,* 392 Mich 785 (1974); and *People v McDaniel,* 392 Mich 786 (1974), to the extent inconsistent with this opinion, will not be followed.

The Court of Appeals is reversed. The defendant's conviction is affirmed.

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, M. S. COLEMAN, J. W. FITZGERALD, and LINDEMER, JJ., concurred.

SWAINSON, J., took no part in the decision of this case.