PEOPLE v HENDRICK

Docket No. 56172. Argued June 9, 1976 (Calendar No. 7).—Decided
    December 21, 1976. Rehearing denied 400 Mich 951.

    Grant H. Hendrick was convicted, on his plea of guilty in St.
    Joseph Circuit Court, Robert E. A. Boyle, J., of breaking and
    entering, and, after trial, of assault with intent to do great
    bodily harm less than murder arising from the same event.
    After sentencing, a supplemental information was filed asking
    that the defendant be sentenced as a "fifth offender", and the
    defendant was found guilty by a jury, and his sentence was
    vacated and he was sentenced to life. The prosecutor stated
    that he became aware of the defendant's previous felony convic-
    tions one week before the trial for assault when he received the
    FBI "rap sheet" and that it took him three weeks to investigate
    and verify the defendant's criminal record from Washington
    and North Dakota as well as Michigan. The circuit court
    denied a motion to quash the supplemental information on the
    grounds that the prosecution did not know of the defendant's
    record until after his plea of guilty and that it was fairer to the
    defendant to file the supplemental information after the jury
    trial for assault and to empanel a new jury to hear the
    habitual criminal charges. The Court of Appeals, Holbrook,
    P. J., and T. M. Burns and Churchill, JJ., affirmed as to the
    conviction of being a habitual criminal (Docket No. 14276).
    Defendant appeals. *Held:*

    1. The statute which permits filing of a supplemental infor-
    mation accusing a convicted defendant who has previous felony

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 1
    *et seq.*
    Constitutionality and construction of statute enhancing penalty for
    second or subsequent offense. 139 ALR 673.
[3] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 21.
[4] 21 Am Jur 2d, Criminal Law § 490.
[4, 7] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
    § 20.
[5] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 19.
[6] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 30.

convictions of being a habitual criminal permits increased punishment for the defendant because of his apparent persistence in the commission of crime and indifference to the laws deemed necessary for the protection of the people and their property. The Legislature did not intend to make a substantive crime out of being a habitual offender, but for deterrent purposes intended to augment the punishment for second or subsequent offenders. The statute merely provides a procedure after conviction for the determination of a fact which the court is required to consider in imposing sentence.

2. In this case the prosecutor had an FBI "rap sheet" indicating convictions in Washington and North Dakota. The prosecutor acted properly in this case in delaying the filing of a supplemental information until he could verify the convictions because it "would be foolish to rely solely upon a rap sheet for information".

The judgment of the Court of Appeals is affirmed.

Justice Levin dissented on the ground that fairness requires notice to a defendant that he may face enhanced punishment where the prosecutor is aware, in advance of the trial on the current offense, of the offender's prior record. The law recognizes in many ways that the amount of process required by ordinary notions of fairness depends in part on the potential impact on the accused of the conviction. The nature of the accused's response, the care with which he prepares to defend himself, will often depend on the severity of the potential punishment. The prosecutor was aware of the prior Michigan conviction and of the out-of-state convictions for over a week before the trial. Even though his information, from the rap sheet, was imperfect, the prosecutor could have filed a supplemental information giving notice to the accused that upon conviction he faced enhanced punishment as an habitual offender, thereby both protecting his right to charge the defendant as an habitual offender and satisfying the need to inform the accused of the enhanced punishment he faced.

52 Mich App 201; 217 NW2d 112 (1974) affirmed.

OPINION OF THE COURT

1. CRIMINAL LAW—SENTENCING—HABITUAL OFFENDERS—SUPPLEMENTAL INFORMATION.

The statute which permits filing of a supplemental information accusing a convicted defendant who has previous felony convictions of being a habitual criminal permits increased punishment for the defendant because of his apparent persistence in

the commission of crime and indifference to the laws deemed necessary for the protection of the people and their property (MCL 769.13; MSA 28.1085).

2. CRIMINAL LAW—SENTENCING—HABITUAL OFFENDERS.

The Legislature did not intend to make a substantive crime out of being a habitual offender, but for deterrent purposes intended to augment the punishment for second or subsequent offenders; the habitual offender statute merely provides a procedure after conviction for the determination of a fact which the court is required to consider in imposing sentence under the statute (MCL 769.13; MSA 28.1085).

3. INDICTMENT AND INFORMATION—HABITUAL CRIMINAL ACT—SUPPLEMENTAL INFORMATION.

A prosecutor properly exercised his discretion in delaying until after sentencing of a convicted felon the filing of a supplemental information accusing the defendant, who had previous felony convictions, of being a habitual criminal where he first became aware of the defendant's criminal record when he received an FBI "rap sheet", and he delayed filing to check the accuracy of the record of out-of-state convictions (MCL 769.13; MSA 28.1085).

DISSENTING OPINION

LEVIN, J.

4. CRIMINAL LAW—SENTENCING—HABITUAL OFFENDER—SUPPLEMENTAL INFORMATION.

*The habitual offender provisions of the Code of Criminal Procedure do not create a separate offense, but fairness requires notice to the offender that he may face enhanced punishment where the prosecutor is aware, in advance of trial on the current offense, of the accused offender's prior record (MCL 769.13; MSA 28.1085).*

5. CRIMINAL LAW—DUE PROCESS—FAIRNESS.

*The law recognizes in many ways that the amount of process required by ordinary notions of fairness depends in part on the potential impact on the accused of the conviction, such as the severity of the potential punishment.*

6. CRIMINAL LAW—SENTENCING—HABITUAL OFFENDER.

*A prosecutor is not obliged to charge as a habitual offender an accused who has a prior felony record nor is the judge obliged,*

*if the accused is convicted as a habitual offender, to impose
enhanced punishment (MCL 769.13; MSA 28.1085).*

7. CRIMINAL LAW—SENTENCING—HABITUAL OFFENDER—SUPPLEMEN-
   TAL INFORMATION.

*A defendant's conviction as a prior offender should be vacated
where the prosecutor, aware of the defendant's prior Michigan
conviction and out-of-state convictions more than a week before
the trial from information in an FBI "rap sheet", could prop-
erly have been expected to file a supplemental information
giving notice to the accused before the commencement of trial
on the principal charge that upon conviction he faced enhanced
punishment as a habitual offender (MCL 769.13; MSA 28.1085).*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James Noecker,*
Prosecuting Attorney, and *Keith D. Roberts,* As-
sistant Attorney General, for the people.

*State Appellate Defender Office* (by *F. Michael
Schuck, III)* for defendant.

Amicus Curiae:

*William L. Cahalan,* Wayne County Prosecuting
Attorney, and *Stephen H. Boak* and *Raymond P.
Walsh,* Assistants Prosecuting Attorney.

COLEMAN, J. Leave to appeal was granted in this
case to determine what procedures are required
when an individual is sentenced as a habitual
offender. Because the procedures followed in this
case were proper, we affirm defendant's sentence.

On October 20, 1971, defendant was arrested at
the scene of a breaking and entering. During the
incident he seriously wounded a state policeman.
He was charged with breaking and entering with
intent to commit larceny and assault with intent
to murder.

Defendant pled guilty to breaking and entering
with intent to commit larceny on October 21,

acknowledging that he would still have to answer for the assault. That charge went to a jury trial on December 15. He was convicted on December 20 of assault with intent to do great bodily harm less than murder.

On January 10, 1972, defendant was sentenced to a term of 9-1/2 to 10 years. On the same day the prosecutor filed a supplemental information asking that defendant be sentenced as a "fifth offender". A copy was served on defendant at the sentencing.

On February 2, defendant's attorney moved to quash the supplemental information. The attorney claimed the prosecutor had prior knowledge of defendant's convictions. Under *People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968), he said the prosecutor was required to file the information when he became aware of the convictions.

The prosecutor said he "first became aware of his criminal record when I received his FBI rap sheet which is dated—received by our office on the 8th day of December". Because the information was received only one week before the assault trial, there "was absolutely no time * * * to do all the checking that had to be done to determine whether or not * * * he did in fact have a record":

"I think the prosecutor would be foolish to rely solely upon a rap sheet for information, and I did not. It took me some three weeks to track this down and find witnesses, whether he had these records and whether or not we could prove them; and I would say that I moved as speedily as I possibly could."

The trial court felt "it was the intent of the Legislature and of our courts that the prosecuting attorney be given latitude in filing the supplemental information". Because the prosecutor "has represented to the court that there was no knowledge

on his part" until after defendant's plea, the judge felt the filing of supplemental information after the jury trial "is much fairer and more protective of the rights of the defendant than if he were to be tried by the same jury that found him guilty on the last felony". The motion was denied.

A jury was empaneled and the prosecution demonstrated that defendant had been convicted of five felonies. This required the production of records and witnesses from Washington and North Dakota as well as Michigan. The jury found defendant guilty. Defendant's previous sentence was vacated and he was sentenced to life.

The Court of Appeals affirmed. It said defendant's claim was controlled by *People v Marshall,* 41 Mich App 66, 72; 199 NW2d 521 (1972). That case said "the prosecutor has discretion to file a supplemental information" either before or after conviction despite his knowing about prior convictions.

When an individual is convicted of a felony, MCLA 769.10–769.12; MSA 28.1082–28.1084 permits the court to increase the sentence if the person has previous felony convictions. MCLA 769.12 provides that the person

"need not have been indicted and convicted as a previous offender in order to receive the increased punishment * * * but may be proceeded against as provided [in MCLA 769.13]".

MCLA 769.13; MSA 28.1085 reads in part:

"If at any time after conviction and either before or after sentence it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth in any of the 3 foregoing sections, the prosecuting attorney of the county in which such conviction was

had, in his discretion, may file a separate or supplemental information in such cause accusing the said person of such previous convictions. Whereupon the court * * * shall inform him of the allegations contained in such information, and of his right to be tried as to the truth thereof according to law, and shall require such offender to say whether he is the same person as charged in such information or not. * * * The accused may waive trial by jury in the manner provided by this act. The usual practice in the trial of criminal cases shall be followed in the empanelling of such jury and the trial of said issue and the prosecuting officer and the accused shall each be allowed 5 peremptory challenges. If the accused shall plead guilty to such information or if the jury shall return a verdict of guilty, the court may sentence him to the punishment prescribed in the 3 preceding sections, as the case may be, and shall vacate the previous sentence, deducting from the new sentence all time actually served on the sentence so vacated if required."

Legislation such as this increases punishment "because of the apparent persistence in the commission of crime by the person convicted and his indifference to the laws deemed necessary for the protection of the people and their property". *People v Palm,* 245 Mich 396, 401; 223 NW 67 (1929). The same Court agreed that " 'in determining the amount or nature of the penalty to be inflicted, the legislature may require the courts to take in consideration the persistence of the defendant in his criminal course' ". Also see *In re Southard,* 298 Mich 75, 78; 298 NW 457 (1941) ("The habitual criminal act was passed to provide punishment for the repeated commissions of felonies.").

In *People v Shotwell,* 352 Mich 42, 46; 88 NW2d 313 (1958), the Court said "the legislature did not intend to make a separate substantive crime out of being an habitual criminal but rather, for deterrent purposes, intended to augment the punish-

ment for second or subsequent felonies". See *People v Ungurean,* 51 Mich App 262; 214 NW2d 873 (1974), and *People v Holbrook,* 60 Mich App 628; 231 NW2d 469 (1975), *lv granted,* 395 Mich 752 (1975). In *People v Judge of Recorder's Court,* 251 Mich 626, 627; 232 NW 402 (1930), the Court said the legislation "merely provides a procedure after conviction for the determination of a fact which the court is required to consider in imposing sentence".

At one time the Legislature required that allegations of prior felony convictions be included in the information and proved at the trial on the principal charge. This had to "be complied with in order to give the court jurisdiction to sentence the respondent as for a third offense". *People v Campbell,* 173 Mich 381, 386; 139 NW 24 (1912). Also see *People v Ancksornby,* 231 Mich 271; 203 NW 864 (1925). The Court has required strict compliance with the statutory requirements. See *People v Brown,* 253 Mich 537; 235 NW 245 (1931), and *People v Gunsell,* 331 Mich 105; 49 NW2d 83 (1951).

*In re Brazel,* 293 Mich 632, 639–640, 641; 292 NW 664 (1940), discussed whether legislation similar to MCLA 769.13 required the prosecution to file a supplemental information after the principal case. The Court concluded that "prior convictions can be charged in an information for a subsequent offense where the prosecutor has knowledge thereof on filing the information, or later * * * by a supplemental information * * * where [he] acquires such knowledge * * * subsequent to conviction". The Court said "it is not necessary to file a supplemental information" if the previous convictions "are known to the prosecuting attorney". The legislation "was added to enable the prosecu-

tor to file his supplemental information where he discovers such prior convictions so that a sentence might be revised to include augmented punishment prescribed by the statute for incorrigible criminals".

The defendant in *People v Burd,* 1 Mich App 178, 183; 134 NW2d 843 (1965), was charged with escape and with being guilty of a second felony. He asked that references to his prior conviction be excluded.[1] The trial court denied the motion. The Court of Appeals said:

"The language of *Smith* will have to remain *dictum.* Keith Burd has not yet been tried; the minds of his jurors have not yet been exposed to any potentially poisonous information. Reference to his prior conviction may quite properly seep into the record of Burd's trial on the issue of escaping prison. The jury may reasonably conclude that one charged with escaping prison was previously convicted of a criminal offense. The defendant may elect to testify in his own behalf and suffer the people's efforts to impeach his credibility. We see, however, no valid reason for allowing the information to provide evidence of past criminality when to do so might jeopardize constitutional rights."

The *Smith* language "is sufficiently strong to war-

[1] The Court's decision in *People v Smith,* 296 Mich 176, 180; 295 NW 605 (1941), raised these concerns:

"We acknowledge some justification for the claim that reading to the jury the allegations of the information charging previous convictions might poison the minds of the jury at the outset of the trial. Its effect in swinging the balance toward conviction where the evidence on the merits of the new crime is weak or doubtful cannot be overlooked. Where the previous conduct has no circumstantial bearing on the crime charged, one may question whether the practice of alleging the previous convictions in the same indictment as is permitted by statute * * * conforms to the standard of fair play required by the due process clause of the Fourteenth Amendment to the Constitution of the United States or the comparable provision of the Constitution of the State of Michigan * * * ."

The Court did not discuss the question further because there was not a timely objection.

rant granting the motion". *People v Cairns,* 4 Mich App 633, 644; 145 NW2d 345 (1966), after quoting *Burd,* said "[i]t appears to this court that the better procedure to follow in the future would be to proceed *after conviction* * * * by filing a separate information charging the previous convictions".

In *People v Stratton, supra,* 356, the Court said the statutes

"contemplate 2 separate situations and procedures to be followed when the prosecutor desires to make possible the meting out of an increased penalty pursuant to the habitual criminal sections of the code of criminal procedure. The procedure set forth in section 13 is to be followed whenever it appears to the prosecutor *'after* conviction' of the current charge that the felon has a prior felony record. However, where it appears to the prosecutor before conviction of the current charge that the accused person is a prior felon, the accused person is to be informed against as a prior offender prior to conviction on the current charge; the procedure set forth in section 13 need not be followed."

Compare *People v Everson,* 16 Mich App 739, 741; 168 NW2d 660 (1969), where *Stratton* was cited but the Court said if a prosecutor has prior knowledge, MCLA 769.13 "need not be followed". It did not prohibit use of that section. Also see *People v Mauch,* 23 Mich App 723; 179 NW2d 184 (1970).

In *People v Hatt,* 384 Mich 302, 308, 309; 181 NW2d 912 (1970), the defendant was charged with breaking and entering and with having committed a second felony. The previous conviction was disclosed at trial. The Court acknowledged that *Brazel* approved the "practice of charging other offenses in a single information in accordance with statute". However, the Court, citing *Smith, Burd,* and *Cairns,* made this analysis:

"The constitutional prohibition against self-incrimination will not permit a man's past record of offenses to be used in such a manner as to imply guilt of the offense charged or to unfairly prejudice the jury against him. The procedures for dealing with a recidivistic charge, as delineated by Judge LEVIN in *People v Stratton,* are approved."

In *People v Marshall, supra,* the prosecutor filed a supplemental information four months after the second conviction. Without mentioning *Hatt,* the Court analyzed *Brazel* and *Stratton:*

"The specific question as to whether the prosecutor could file his supplemental information after the conviction on the then pending current charge, where the prosecutor had knowledge of the prior convictions, was not before the Court in either of those cases, nor was it decided by the Court. Thus, while the language in both *Stratton* and *Brazel* may be persuasive, it is certainly not controlling, where the specific question herein was not before the Court in those cases and was not decided by those respective Courts."

The Court said "the prosecutor had discretion to file a supplemental information under the Habitual Criminal Act after conviction and is not limited to filing such supplemental information prior to conviction of the current charge, where he has knowledge of the previous conviction". However, defendant's conviction was reversed because

"once the prosecutor was aware that defendant would not be sentenced to a mandatory life imprisonment, he should have acted promptly to file his supplemental information. Any delay was solely for his convenience. Therefore, where no good reason exists for the delay in filing a supplemental information .charging the defendant as a subsequent offender, and the delay on the part of the prosecutor substantially prejudices defendant's rights, the filing of that supplemental information

clearly denies defendant his right to due process of law."

In this case the prosecutor had an FBI rap sheet indicating convictions in Washington and North Dakota. We agree it "would be foolish to rely solely upon a rap sheet for information". The prosecutor acted properly in this case. The Court of Appeals is affirmed.

KAVANAGH, C. J., and WILLIAMS, FITZGERALD, LINDEMER, and RYAN, JJ., concurred with COLEMAN, J.

LEVIN, J. *(dissenting)*. Hendrick was convicted in October, 1971 of breaking and entering[1] and in December, 1971 of assault with intent to do great bodily harm less than murder,[2] both charges growing out of the same incident, and was sentenced to serve concurrent terms of 9-1/2 to 10 years.

Immediately after sentencing the prosecutor filed a supplemental information charging Hendrick with being an habitual offender based on the two 1971 Michigan convictions and three out-of-state convictions: a 1966 Washington burglary, a 1966 North Dakota robbery, and a 1968 escape from a North Dakota prison. He was convicted on the supplemental information as a fourth felony offender and sentenced to life imprisonment.[3]

---

[1] MCLA 750.110; MSA 28.305.

[2] MCLA 750.84; MSA 28.279.

[3] If an accused person is charged as an habitual offender, on conviction of the currently charged offense the judge may enlarge the punishment otherwise prescribed by law to not more than one-and-one-half times the longest term otherwise prescribed for the current offense if it is a second conviction (MCLA 769.10; MSA 28.1082), to not more than twice the longest term otherwise prescribed for the current offense if it is a third conviction (MCLA 769.11; MSA 28.1083), or to imprisonment for life if either (i) the current offense is one for which the offender might be imprisoned for a maximum term

Hendrick had moved to quash the supplemental information on the ground that before his conviction on the assault charge the prosecutor was aware that he was a prior offender and, therefore, under *People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968), approved in *People v Hatt,* 384 Mich 302; 181 NW2d 912 (1970), the prosecutor was obliged, if he wished to charge him as a prior offender, to file a supplemental information before conviction on the assault charge.

At the hearing on the motion to quash, the prosecutor stated that on December 8, 1971, a week before the trial on the assault charge, he had received an FBI rap sheet which disclosed the three out-of-state convictions. He said that he might have been aware even earlier of Hendrick's prior record.

Defending his failure to file the supplemental information before the trial on the assault charge, the prosecutor said that it "would be foolish to rely solely upon a rap sheet for information, and I did not. It took me some three weeks to track this down and find witnesses, whether he had these records and whether or not we could prove them; and I would say that I moved as speedily as I possibly could."

Hendrick was convicted on his plea of guilty of the breaking and entering charge on October 21, 1971. Accordingly, the prosecutor knew that Hendrick was a prior offender two months before the trial on the assault charge. The prosecutor was also then aware of the aggravating circumstances that may have impelled the prior offender charge subsequently lodged against Hendrick.

---

of five years or more and is a fourth conviction (MCLA 769.12; MSA 28.1084), or (ii) the current offense is one for which the offender might be imprisoned for life. MCLA 769.10, 769.11; MSA 28.1082, 28.1083.

The assault charge for which Hendrick was tried was assault with intent to commit murder, an offense punishable by imprisonment for life or any number of years.[4] The victim was a state policeman. Hendrick was convicted by the jury of the lesser offense of assault with intent to do great bodily harm less than murder, punishable by imprisonment for not more than ten years.

Hendrick's counsel did not seek an evidentiary hearing on the asserted factual basis for the delay in filing the supplemental information.

I

While the habitual offender provisions of the Code of Criminal Procedure do not create a separate offense, providing rather for enhanced punishment for the current offense, fairness requires notice to the offender that he may face enhanced punishment where the prosecutor is aware, in advance of the trial on the current offense, of the offender's prior record.

The severity of the potential punishment that may be imposed is often reflected in the processing and disposition of charges against offenders. Minor offenders often are not cited; if cited they may be permitted to dispose of the matter informally, paying a predetermined fine. Accused persons aware that they will be placed on probation often plead guilty without appointment of counsel or offering a defense. Counsel need not be appointed for indigent offenders who are charged with minor offenses not subject to incarceration.[5]

Increased resources are generally devoted to the

---

[4] MCLA 750.83; MSA 28.278.

[5] Cf. *Morrissey v Brewer,* 408 US 471, 481; 92 S Ct 2593; 33 L Ed 2d 484 (1972).

prosecution and defense of persons charged with serious offenses carrying long sentences. The law recognizes in many ways that the amount of process required by ordinary notions of fairness depends in part on the potential impact on the accused of the conviction.

The nature of the accused's response, the care with which he prepares to defend himself, will often depend on the severity of the potential punishment. It is overwhelmingly important to an accused whether upon conviction of a fourth felony, say of carrying a concealed weapon, the maximum sentence is five years[6] or life.

In this connection, it is noteworthy that persons sentenced as habitual offenders are not eligible for parole before the expiration of the minimum term without the sentencing judge's approval.[7]

II

A prosecutor is not obliged to charge as an habitual offender an accused who has a prior felony record nor is the judge obliged, if the accused is convicted as an habitual offender, to impose enhanced punishment.

If the prosecutor wishes to charge the accused as an habitual offender, he does so by adding a charge in the information or by supplemental information.

The section of the statute under which Hendrick was charged as an habitual offender provides that "[i]f at any time *after* conviction and either before or after sentence it shall appear that a person convicted of a felony has previously been convicted

6 MCLA 750.227; MSA 28.424.
7 MCLA 769.12; MSA 28.1084.

of crimes as set forth in any of the 3 foregoing sections, the prosecuting attorney of the county in which such conviction was had, in his discretion, may file a separate or supplemental information in such cause accusing the said person of such previous convictions."[8] The three preceding sections of the statute are those providing for enhancement of the punishment upon conviction as a second, third or fourth offender.[9] The immediately preceding section[10] provides: "A person to be punishable under this and the last 2 preceding sections need not have been indicted and convicted as a previous offender in order to receive the increased punishment therein provided, but may be proceeded against as provided in the following section."

Reading the four habitual offender sections together, the Court of Appeals, in *Stratton, supra,* p 356, declared that the statute contemplates two "separate situations and procedures to be followed when the prosecutor desires to make possible the meting out of an increased penalty pursuant to the habitual criminal sections of the code of criminal procedure. The procedure set forth in section 13 is to be followed whenever it appears to the prosecutor *'after* conviction' of the current charge that the felon has a prior felony record. However, where it appears to the prosecutor before conviction of the current charge that the accused person is a prior felon, the accused person is to be informed against as a prior offender prior to conviction on the current charge; the procedure set forth in section 13 need not be followed". (Emphasis by the Court.)

That concept was earlier suggested by this Court

---

[8] MCLA 769.13; MSA 28.1085.

[9] *See* fn 3 for statutory references to these three sections.

[10] MCLA 769.12; MSA 28.1084, concerning fourth convictions.

in *In re Brazel,* 293 Mich 632, 639–640; 292 NW 664 (1940).[11]

In *Hatt, supra,* p 309, this Court declared that the procedures for dealing with a recidivist charge, as delineated in *Stratton,* "are approved".[12]

## III

The Court adopts the prosecutor's argument that it "would be foolish to rely solely on a rap sheet for information" and concludes that the prosecutor acted properly in this case.

Prosecutors often rely on rap sheets for information. In *People v Sanders,* 394 Mich 439, 441; 231 NW2d 639 (1975), we declared that the prosecutor had acted in apparent good faith in attempting to impeach a defendant on cross-examination by ref-

---

[11] "We must conclude that prior convictions can be charged in an information for a subsequent offense where the prosecutor has knowledge thereof on filing the information, or later in separate proceedings by a supplemental information under 3 Comp Laws 1929, § 17341 (Stat Ann § 28.1085), where such officer acquires such knowledge or information subsequent to conviction." *In re Brazel,* 293 Mich 632, 639–640; 292 NW 664 (1940).

[12] "Finally, in *People v Stratton* (1968), 13 Mich App 350, Judge LEVIN carefully analyzed the procedures to be followed by a prosecutor (1) where it appears to him before conviction of the current charge that the accused was a prior felon and (2) where such information does not come to the attention of the prosecutor until after conviction of the current charge.

"In this case, the prosecuting attorney for Genesee County, with commendable candor, has stated in his brief:

" 'It may well be that the procedure suggested in *People v Burd,* and *People v Stratton, supra,* as well as MSA 28.1085 is the better means of determining and punishing a second offender. Most assuredly it has the effect of eliminating possible prejudice created by an allegation of previous convictions coupled with an allegation of the commission of a current offense.'

"The constitutional prohibition against self-incrimination will not permit a man's past record of offenses to be used in such a manner as to imply guilt of the offense charged or to unfairly prejudice the jury against him. The procedures for dealing with a recidivistic charge, as delineated by Judge LEVIN in *People v Stratton,* are approved." *People v Hatt,* 384 Mich 302, 309; 181 NW2d 912 (1970).

erence to arrests, which did not result in convictions, appearing in a rap sheet:

> "The cross examination appears to have been in good faith. The defendant's conviction preceded *Falkner* and *Rappuhn*.[13] A 'rap sheet' appeared at first glance to show that defendant had been convicted and imprisoned for a robbery committed in Trenton, New Jersey, in 1966."

In this case the prosecutor on his own statement had time for more than a "first glance". He had at least seven days to check the out-of-state convictions. He was already aware of the Michigan breaking and entering conviction.

At the trial on the assault charge, Hendrick's counsel elicited from him that he had been convicted of the four prior offenses. Since the credibility of a witness, including the accused when he takes the stand, may generally be impeached by reference to a prior conviction record,[14] defense counsel often brings out the entire record on direct examination in an effort to lessen the impact on the jury of this adverse information.

Hendrick's counsel must have expected the prosecutor to "be foolish" and to rely on imperfect information during cross-examination. In truth, the prosecutor would have been foolish not to rely on the rap sheet, as is generally done.

---

[13] "In *People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973), and *People v Rappuhn,* 390 Mich 266; 212 NW2d 205 (1973), this Court held that the credibility of a witness may not be impeached by reference to an arrest which does not result in conviction. In *People v Renno,* 392 Mich 45; 219 NW2d 422 (1974), this Court held that the credibility of a defendant in a criminal case may not be impeached by reference to 'municipal ordinance or misdemeanor convictions.'" *People v Sanders,* 394 Mich 439, 440; 231 NW2d 639 (1975).

[14] *But see People v Jackson,* 391 Mich 323, 336; 217 NW2d 22 (1974), recognizing a discretion in the trial judge to exclude such evidence.

Prosecutors, judges, most persons, rely on imperfect information in taking even important steps affecting their own lives and the lives of others.

A prosecutor aware, on the basis of imperfect information, before the trial that the accused person has a prior conviction record may by promptly filing a supplemental information both protect his right to charge the defendant as an habitual offender and satisfy the need to inform the accused of the enhanced punishment he may face. If the prosecutor later determines that he cannot verify the convictions he need not proceed to hearing on the supplemental information.

### IV

The construction of the statute and standard set forth in *Stratton,* approved in *Hatt,* earlier suggested in *Brazel,* of "where it appears to the prosecutor before conviction of the current charge that the accused person is a prior felon" protects both the accused's need for advance notice and the prosecutor's right to charge him as a recidivist.

Applying that standard in this case, the prosecutor, aware of the prior Michigan conviction and of the out-of-state convictions for over a week before the trial, could properly be expected to have filed a supplemental information giving notice, before the commencement of the trial on the assault charge, to the accused that upon conviction he faced enhanced punishment.

I would vacate the defendant's conviction as a prior offender and amend the judgment of conviction and sentence accordingly.