### PEOPLE v TIMS

Docket No. 46166. Submitted June 11, 1980, at Grand Rapids.—Decided August 27, 1980.

Henry Tims was convicted of criminal sexual conduct in the third degree in Kent Circuit Court, Stuart R. Hoffius, J., and sentenced to a prison term of 2 to 15 years. Subsequently, a supplemental information was filed charging the defendant as an habitual offender and he was convicted of that charge. Thereafter, he was resentenced to serve a prison term of 4 to 22-1/2 years. Defendant appeals the habitual offender conviction alleging that since the prosecutor is presumed to have had knowledge of the defendant's 1977 conviction, the basis for the habitual offender charge, at the time of the filing of the information on the criminal sexual conduct charge, he was required to file the supplemental information prior to the defendant's trial on the criminal sexual conduct charge. *Held:*

The habitual offender conviction is reversed and the original sentence is reinstated.

REFERENCE FOR POINTS IN HEADNOTE

[1] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 20-21.

PROSECUTING ATTORNEYS — HABITUAL OFFENDERS — STATUTES.

> A prosecuting attorney had discretion under a prior Court of Appeals ruling to file a supplemental information against a defendant under the Michigan habitual offender act either before or after conviction on a current charge even where the prosecutor had knowledge of a defendant's previous convictions, but where the prosecutor elected to delay the filing of the supplemental information until after conviction on the current offense and where no good reason existed for the delay and the delay substantially prejudiced the defendant's rights the filing of the supplemental information denied the defendant his right to due process of law and conviction on that information was precluded under the rule enunciated (MCL 769.10; MSA 28.1082, 41 Mich App 66; 199 NW2d 521 [1972]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*George S. Buth,* for defendant on appeal.

Before: ALLEN, P.J., and D. F. WALSH and G. R. McDONALD,* JJ.

D. F. WALSH, J. On October 9, 1978, defendant Tims was convicted of criminal sexual conduct in the third degree. MCL 750.520d(1)(b); MSA 28.788(4)(1)(b). On October 20, 1978, a supplemental information was filed charging defendant as an habitual offender. MCL 769.10; MSA 28.1082. Defendant was sentenced on December 5, 1978, on the criminal sexual conduct conviction to a prison term of 2 to 15 years. On March 26, 1979, defendant was convicted on the habitual offender charge and on May 1, 1979, was resentenced to serve a prison term of 4 to 22-1/2 years. In this appeal defendant challenges only his conviction on the habitual offender charge.

* Circuit judge, sitting on the Court of Appeals by assignment.

The supplemental information was based upon defendant's 1977 conviction in the Kent County Circuit Court on a charge of larceny in a building in addition to defendant's current conviction on the criminal sexual conduct charge. Defendant claims that since the prosecutor is presumed to have had knowledge of his 1977 conviction at the time of the filing of the information on the criminal sexual conduct charge he was required to file the supplemental information prior to defendant's trial on that charge. We agree.

In *People v Marshall*, 41 Mich App 66; 199 NW2d 521 (1972), this Court ruled that the prosecutor had discretion to file a supplemental information under the habitual criminal act either before or after conviction on the current offense. He had this discretion even where he had knowledge of the previous convictions. We further ruled, however, that where the prosecutor elects to delay the filing of the supplemental information until after conviction on the current offense and where no good reason exists for the delay and the delay substantially prejudices the defendant's rights, the filing of the supplemental information denies the defendant his right to due process of law and conviction on that information is precluded.

In his dissent in *People v Hendrick*, 398 Mich 410; 247 NW2d 840 (1976), Justice LEVIN wrote forcefully of the substantial prejudice resulting to a defendant who is required to go to trial on a current offense without notice of the prosecutor's intent to charge him as an habitual criminal if he is convicted of the current offense.

"While the habitual offender provisions of the Code of Criminal Procedure do not create a separate offense, providing rather for enhanced punishment for the current offense, fairness requires notice to the offender

that he may face enhanced punishment where the prosecutor is aware, in advance of the trial on the current offense, of the offender's prior record.

"The severity of the potential punishment that may be imposed is often reflected in the processing and disposition of charges against offenders. Minor offenders often are not cited; if cited they may be permitted to dispose of the matter informally, paying a predetermined fine. Accused persons aware that they will be placed on probation often plead guilty without appointment of counsel or offering a defense. Counsel need not be appointed for indigent offenders who are charged with minor offenses not subject to incarceration.

"Increased resources are generally devoted to the prosecution and defense of persons charged with serious offenses carrying long sentences. The law recognizes in many ways that the amount of process required by ordinary notions of fairness depends in part on the potential impact on the accused of the conviction.

"The nature of the accused's response, the care with which he prepares to defend himself, will often depend on the severity of the potential punishment. It is overwhelmingly important to an accused whether upon conviction of a fourth felony, say of carrying a concealed weapon, the maximum sentence is five years or life.

"In this connection, it is noteworthy that persons sentenced as habitual offenders are not eligible for parole before the expiration of the minimum term without the sentencing judge's approval." *People v Hendrick, supra,* dissenting opinion by LEVIN, J., at 423-424.

In this case the prosecutor must be presumed to have known of the defendant's prior felony record because his office prosecuted the prior felony. *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979). The intent of the prosecutor to file a supplemental information charging the defendant as an habitual offender was not clearly manifested until 11 days after defendant's conviction on the current offense.

In our judgment, requiring the defendant to go to trial on the current offense without notice of the severity of the possible consequences of conviction was substantially prejudicial and amounted to a denial of due process of law.

Defendant's conviction of the habitual offender charges contained in the supplemental information is reversed, his sentence of 4 to 22-1/2 years in prison is vacated and his original sentence of 2 to 15 years in prison is reinstated.