PEOPLE v. JUDGE OF RECORDER'S COURT.

CRIMINAL LAW—PRIOR CONVICTION—RIGHT TO PRELIMINARY EXAMINATION.

Under criminal code (section 13, chap. 9, Act No. 175, Pub. Acts 1927), one convicted of felony is not entitled, on filing of supplemental information charging prior conviction of similar offense, to preliminary examination before magistrate; no offense being charged.

Mandamus by the People of the State of Michigan to compel Edward J. Jeffries, Judge of Recorder's Court of the city of Detroit, to set aside an order referring a case involving the habitual criminal law for a preliminary examination. Submitted June 10, 1930. (Calendar No. 34,906.) Writ granted October 3, 1930.

*Wilber M. Brucker,* Attorney General, *James E. Chenot,* Prosecuting Attorney, and *Oscar A. Kaufman,* Assistant Prosecuting Attorney, for the people.

*Harry S. Toy,* for defendant.

McDONALD, J. After conviction and sentence in the recorder's court for the city of Detroit of one John Figgins on a charge of robbery, not armed, the prosecuting attorney filed a supplemental information charging a prior conviction of a similar offense. When arraigned on this information, the defendant stood mute, and a plea of not guilty was entered by order of the court. The defendant's counsel then demanded a preliminary examination, which was allowed. This court has granted an order to show cause why the writ of mandamus should not issue to compel the trial judge to vacate his order.

The sole question involves the right of one after conviction for felony to a preliminary examination before a magistrate on the filing of a supplemental information charging former conviction of a similar offense.

Prior to the criminal code, Act No. 175, Pub. Acts 1927, there was no provision in the law for an independent trial to determine the fact of a prior conviction. It was tried out in the trial for the subsequent offense. It was necessary to charge it in the complaint and warrant and prove it on the examination and trial unless examination was waived. Otherwise the court was without jurisdiction to consider it in imposing sentence. But section 13, chapter 9, of the code, authorizes an independent trial of that question on the filing of a supplemental information after conviction and sentence for the subsequent offense. It makes no provision for a preliminary examination or for other proceedings applicable to the trial of one charged with crime. It merely provides a procedure after conviction for the determination of a fact which the court is required to consider in imposing sentence. The purpose of an examination is to determine if a crime has been committed and if there is probable cause for believing the accused party committed it. If no crime is charged, an examination is not required. In *People* v. *Palm,* 245 Mich. 396, it was held that a supplemental information, filed after conviction, alleging a prior conviction, does not charge any crime.

After considering the applicable section of the criminal code, it is our conclusion that the accused is not entitled to a preliminary examination. If necessary, the writ of mandamus will issue requiring the defendant to vacate the order entered.

Wiest, C. J., and Butzel, Clark, Potter, Sharpe, North, and Fead, JJ., concurred.