PEOPLE *v.* STANLEY MITCHELL

1. EVIDENCE—ADMISSIBILITY—QUESTION OF LAW—INSTRUCTIONS TO JURY.

Admissibility of a given piece of evidence is for the judge to determine and instruction to the jury that they could consider testimony relating to a bullet taken from complainant's body even though the judge had refused to admit the bullet because the prosecution had failed to establish an untainted chain of possession of that bullet from the surgeon who removed it to the police scientific laboratory where the bullet was identified as being from defendant's gun, was error to the extent that the question of the admissibility of the bullet was submitted to the jury.

2. EVIDENCE—ADMISSIBILITY—AUTHENTICITY.

Authenticity of a writing or demonstrative evidence is not a preliminary question of fact conditioning admissibility, but goes to genuineness and relevance, and if a *prima facie* showing is made, it comes in, with genuineness an issue for the jury if evidence disputing genuineness is later given.

3. EVIDENCE — DEMONSTRATIVE EVIDENCE — AUTHENTICATION — CRIMINAL LAW.

Admission of demonstrative evidence requires that a proper foundation be established showing identification and connection of the evidentiary articles with the crime and with the accused and objections to the sufficiency of their identification or of their connection with the accused and the crime, go to the weight, or probative force, of the evidence, and not to its admissibility.

4. EVIDENCE—DEMONSTRATIVE EVIDENCE—ADMISSIBILITY—CRIMINAL LAW.

A *prima facie* showing of authenticity of a bullet removed from

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 53 Am Jur, Trial § 180 *et seq.*
[3–5] 29 Am Jur 2d, Evidence § 775.

a complainant's body was made by establishing an unbroken chain of possession from the surgeon who positively identified it, from the mark he had placed upon its flat surface, as the one he had removed from complainant, to a detective, who testified that his handwriting and signature were on the evidence tag attached to the bullet which he had received from the surgeon, to another detective, who testified that, from the police identification tag number, the bullet was the same one he had obtained from his partner and had delivered to the police scientific bureau, to the two officers at the bureau who identified the bullet as the one they had received and as being from the defendant's gun and the bullet was admissible.

5. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY—HARMLESS ERROR.
   Error in submitting the question of a bullet's admissibility to the jury in no way prejudiced the defendant where the judge should have admitted the bullet because of a *prima facie* showing of its authenticity.

Appeal from Recorder's Court of Detroit, Robert L. Evans, J. Submitted Division 1 November 2, 1971, at Detroit. (Docket No. 10327.) Decided December 7, 1971. Leave to appeal denied, 387 Mich 751.

Stanley Mitchell was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968,

J. H. GILLIS, J.   Defendant was convicted in a jury trial of assault with intent to do great bodily harm less than murder, MCLA 750.84; MSA 28.279, and was sentenced to a term of from six to ten years in prison.   He appeals his conviction and sentence.

Complainant testified to the following:   On October 1, 1968, he was engaged in his daily employment of driving a milk truck.   At approximately 11:30 a.m. a man approached his truck and asked for orange juice.   The stranger then produced a gun and demanded money whereupon complainant drew his own pistol.   The stranger dropped his gun and quickly departed.   The complainant picked up the gun and put it in his milk truck.   At trial he identified exhibit # 1 as the semi-automatic which the holdup man dropped.   Some 15 minutes later another stranger, identified as the defendant, approached the complainant's truck and asked for orange juice.   The complainant waved his gun at the defendant and advised him not to bother him.   A little later when complainant returned to his truck from a milk delivery he heard a male voice say, "I'm going to kill you".   A shot then hit the door of the truck.   As complainant started to turn he saw defendant with a gun (people's exhibit # 3a, which was admitted into evidence).   Complainant was then shot twice and the defendant fled the scene.

At the trial the prosecution sought to introduce people's proposed exhibit # 4 (a bullet purportedly removed by a surgeon from the body of complainant) into evidence.   Defendant challenged the admissibility of this exhibit on the ground that a continuous untainted chain of possession from the surgeon to the scientific laboratory had not been adequately traced by the prosecution.   The court,

initially taking the objection under advisement, eventually refused to admit the bullet into evidence (referring to the absence of an airtight chain of possession) though it indicated that defendant and plaintiff were free to argue the connection or lack of connection of people's proposed exhibit # 4 to exhibit # 3a (the gun). The defendant subsequently made a motion for a mistrial on the ground that exhibit # 4 had been shown to the jury and that a number of witnesses had testified with respect to it.[1] In denying the motion the court stated that while it believed the connection between the bullet and the gun was not close enough to warrant its admission into evidence, it felt that it was appropriate for the jury to treat the question of whether or not the gun fired the bullet as a fact question.

The court subsequently gave the following instruction to the jury:

"Now you are entitled to use the evidence concerning the bullet notwithstanding the fact that the court did not receive it into evidence provided you are satisfied the chain of evidence is clear and unbroken. The court excluded exhibit 4 and did so because the court felt it was important for you to decide whether that bullet comes to you in an unbroken chain. If you decide the evidence was handled in such a way as you were not convinced beyond a reasonable doubt, there is no break in the chain, then you should not consider the bullet in your considerations at all. On the other hand, the court tells you you may decide that the evidence was well protected * * * you have to make that determination. I only charge you this as a matter of law, however, that in dealing with circumstantial

---

[1] Among said testimony were the statements by two experts who opined that the bullet which was marked people's proposed exhibit # 4 was fired from the gun which had been marked and admitted into evidence as people's exhibit # 3a.

evidence you must be satisfied beyond a reasonable doubt there are no broken links in the chain. If you are not satisfied beyond a reasonable doubt there are no broken links in the chain, then you should not consider any circumstantial evidence with regard to the bullet as it is alleged to be connected with people's exhibit number 3."

The first issue the defendant raises on appeal is whether the trial court committed reversible error in instructing the jury that they could consider testimony relating to people's proposed exhibit # 4 after the court refused to admit the proposed exhibit into evidence. The action of the trial court to the extent it could be viewed as submitting the question of the admissibility of exhibit # 4 to the jury was error. The authorities are in agreement that admissibility is a determination to be made by the judge. Wigmore states:

"The admissibility of a given piece of evidence is for the judge to determine. This general principle is not disputed; * * * It follows that, so far as the admissibility in law depends on some incidental question of fact * * * this also is for the judge to determine, before he admits the evidence to the jury." 9 Wigmore, Evidence (3d ed), § 2550, p 501.

However, an important distinction must not be lost sight of when dealing with the issue of authentication. McCormick, in his The Law of Evidence (1954 ed), § 194, p 407, in discussing the function of the judge and jury with regard to the authentication of writing states:

"It must be noticed, however, that authenticity is not to be classed as one of those preliminary questions of fact conditioning admissibility under technical evidentiary rules of competency or privilege. As to these latter, the trial judge will permit the

adversary to introduce controverting proof on the preliminary issue in support of his objection, and the judge will decide this issue, without submission to the jury, as a basis for his ruling on admissibility. On the other hand, the authenticity of a writing or statement is not a question of the application of a technical rule of evidence. It goes to genuineness and relevance, as the jury can readily understand, and *if a prima facie showing is made,* the writing or statement comes in, with no opportunity then for evidence in denial. If evidence disputing genuineness is later given, the issue is for the jury." (Emphasis supplied.)

This standard, as stated with reference to writings, is also applicable with regard to demonstrative evidence, *i.e.,* the bullet in the present case. The following language from CJS substantiates this conclusion:

"To warrant the admission in evidence of an instrument or weapon as the one with which the crime was committed, a prima facie showing of identity and connection with the crime is necessary and sufficient; clear, certain and positive proof, or positive identification, is generally not required. Objections to the lack of positive identification, or to the sufficiency of the evidence identifying the article in question or connecting it with accused or with the crime, such as the objection that a considerable length of time elapsed after the crime before the weapon or instrument was found, or that in the interval third persons may have had access thereto, or that it was tampered with, go to the weight, or probative force of the evidence rather than to the admissibility of the article." 22A CJS, Criminal Law, § 712, pp 961–963.

Our Court in *People* v. *Burrell,* 21 Mich App 451 (1970), in dealing with the applicable standard

quoted as follows from 22A CJS, Criminal Law, § 709, pp 949–951:

"To justify their admission, a proper foundation must be laid, and such articles must be identified as the articles they are purported to be, and shown to be connected ·with the crime or, with accused; however, such identification is not required to be positive, absolute, certain, or wholly unqualified, and where there is some evidence for this purpose, objections to its sufficiency go to the weight rather than to the admissibility of the articles in question."

Applying the above standard to the testimony in the present case relating to the chain of possession of people's proposed exhibit # 4, it is clear there was a *prima facie* showing of the authenticity of said exhibit. The surgeon positively identified it (from the mark he had placed upon its flat surface) as the bullet he had removed from the complainant. Detective Buslepp likewise identified the exhibit as the spent bullet he had received from the surgeon and testified that it was his handwriting and signature on the evidence tag. Detective Pallen stated that, judging from the police identification tag number, the proposed exhibit was to the best of his knowledge the same evidence he obtained from his partner and had delivered to the police scientific bureau. Two officers at the bureau identified the exhibit as the one they had received. The above line of identification is *prima facie* sufficient to admit the bullet into evidence.[2] Although there is ambiguity as to which detective delivered the bullet to the scientific bureau and testimony suggesting an opportunity for tampering, these considerations

---

[2] "However, a witness' statement that an article is, or that he believes that it is, the same article as the one involved in the occurrence in question has been held to constitute sufficient identification * * * ." 32 CJS, Evidence, § 607, pp 764–765. See also *Burris v. American Chicle Co.*, 120 F2d 218 (CA2, 1941).

only affect its probative value and would not preclude its admission into evidence. Therefore, although the trial court erred in submitting the question of admissibility to the jury, the error in no way prejudiced the defendant since the trial judge should have admitted the exhibit due to the *prima facie* showing of authenticity.

Defendant's contention that the court committed reversible error in permitting two expert prosecution witnesses to opine that exhibit # 4 was fired from exhibit # 3a is without merit. An adequate factual basis for such testimony appears in the record. Moreover, defendant did not object at the time these opinions were elicited.

Affirmed.

All concurred.