PEOPLE v PARKER

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES.

Failing to instruct the jury on lesser included offenses was not error where no request for such instructions was made at trial and the trial court did not affirmatively exclude lesser included offenses from the consideration of·the jury.

2. ASSAULT AND BATTERY—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO JURY.

The only lesser included offense of felonious assault is simple assault; therefore, failing to instruct the jury on assault and battery as a lesser included offense in a trial for felonious assault was not error (MCLA 750.82).

3. CRIMINAL LAW—PLEA OF GUILTY—STATUTES—HABITUAL CRIMINALS.

The procedure for charging a defendant under the habitual criminal statute only requires the court to inform the defendant of the allegations in the information and of his right to be tried as to the truth thereof and then statutorily mandates the court to require the defendant to say whether or not he is the same person as charged in the information; a plea of guilty to a charge under the habitual criminal statute was· properly accepted where the defendant was informed of the accusations, his right to counsel, and his right to a jury trial, and where the defendant chose to waive those rights and plead guilty (MCLA 769.10 *et seq.).*

4. CRIMINAL LAW—SENTENCING—JAIL TIME—CREDIT ON SENTENCE.

A convicted defendant should be given credit on his sentence for any time spent in jail between the revocation and reinstatement of his bond.

## Appeal from Kent, Stuart Hoffius, J. Submitted

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Trial §§ 286, 796–802.
[3] 21 Am Jur 2d, Criminal Law § 490.
[4] 21 Am Jur 2d, Criminal Law §§ 533, 545, 606.

Division 3 October 3, 1973, at Grand Rapids. (Docket No. 13588.) Decided November 28, 1973.

Romell M. Parker was convicted of felonious assault. Pending sentence, defendant was convicted, on his plea of guilty, of being an habitual criminal, second offender. Defendant appeals. Affirmed and sentence modified.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, *Donald A. Johnston III,* Chief Appellate Attorney, and *Robert A. Marsac,* Assistant Appellate Attorney, for the people.

*Roach, Twohey, Benson & Brady,* for defendant on appeal.

Before: HOLBROOK, P. J., and BASHARA and O'HARA,* JJ.

BASHARA, J. Defendant was convicted by a jury of felonious assault by use of a dangerous weapon.[1] Defendant thereafter pled guilty to a supplemental information charging him as a second offender under the habitual criminal act.[2] He appeals of right.

This cause arises out of an incident which occurred at a shopping center in Kent County, Michigan. Defendant was accused by a store security guard of stealing a certain item of clothing. Some words were exchanged between the two individuals and defendant started to exit the store. A chase ensued involving the defendant, two store em-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 750.82; MSA 28.277.

[2] MCLA 769.10, 769.13; MSA 28.1082, 28.1085.

ployees, and several customers. Defendant was eventually trapped in the parked car of a companion, the wires having been extracted to prevent him from driving away. After an attempted escape on foot the defendant returned to the safety of the car and sought to discuss matters with his pursuers. He emerged from the car but this time with a tire iron which he swung at the individuals nearest to him. No one was injured by these actions and defendant once again returned to the car interior to await the arrival of the police.

Defendant first asserts that the trial judge erred in failing to instruct the jury on a lesser included offense of assault and battery.[3] Defense counsel did not object to the instructions as given nor request further charges on lesser included offenses. GCR 1963, 516.1, 516.2 would normally foreclose defendant from now alleging error on appeal, *People v Maybee,* 44 Mich App 268, 272–273; 205 NW2d 244, 247 (1973). However, we are cognizant of those decisions which have found reversible error where the trial judge has affirmatively excluded lesser included offenses from the consideration of the jury. *People v Lemmons,* 384 Mich 1; 178 NW2d 496 (1970); *People v Herbert Van Smith, Jr,* 388 Mich 457; 203 NW2d 94 (1972). The case at bar differs from both *Lemmons* and *Smith, supra,* as no request was made nor did the trial court affirmatively exclude lesser included offenses from the jury. *People v Taylor,* 44 Mich App 640; 205 NW2d 884 (1973); *People v Carroll,* 49 Mich App 44; 211 NW2d 233 (1973).

Defendant's contention also fails when he asserts that assault and battery is a lesser included offense. It has been decided that the only lesser offense to felonious assault is simple assault. *Peo-*

---

[3] MCLA 750.81; MSA 28.276.

*ple v Richard Johnson,* 42 Mich App 544, 546; 202 NW2d 340, 341 (1972).

Defendant asserts, as his second ground for reversal, that the trial court improperly emphasized the testimony of prosecution witnesses concerning the issue of self-defense. Once again the record is void of any objections to the instruction, although the trial judge invited comments by the respective counsel. The trial court's comment on the positive nature of testimony by the prosecution's witnesses was made within the context of explaining the defendant's claim of self-defense. Examining the instructions and comment as a whole, we find no reversible error. *People v Dye,* 356 Mich 271; 96 NW2d 788 (1959); *People v Roberson,* 44 Mich App 105, 108; 205 NW2d 50, 52 (1972).

Defendant next argues that the trial court erred in accepting his guilty plea to the supplemental information charging him as a second offender without complying with the mandates of *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972). A guilty plea, according to *Jaworski, supra,* must be set aside if the plea-accepting judge did not advise defendant of his right to a jury trial, his right to confront witnesses against him and his privilege against self-incrimination. The procedure for charging a defendant under the habitual criminal act,[4] however, does not require advice of the *Ja-*

---

[4] MCLA 769.13; MSA 28.1085 states in pertinent part as follows:

"[T]he court in which such conviction was had shall cause the said person whether confined in prison or otherwise, to be brought before it and shall inform him of the allegations contained in such information, and of his right to be tried as to the truth thereof according to law, and shall require such offender to say whether he is the same person as charged in such information or not. If he says he is not the same person, or remains silent, the court shall enter a plea of not guilty, and a jury of 12 jurors shall be empanelled from the petit jurors serving at the then or a following term of said court to determine the issues raised by such information and plea. The accused may waive trial by jury in the manner provided by this act."

*worski* privileges. The act provides only that the court inform defendant of the allegations in the information and his right to be tried as to the truth thereof. The court is then statutorily mandated to require defendant to say whether he is the same person as charged in the information or not. It is only where the defendant pleads not guilty or remains silent that he has a right to trial by jury. In the instant case, defendant was informed of the accusations, of his right to counsel, and the right to trial by jury. He chose to waive these rights and plead guilty to the information charging him as a second offender. The procedure followed was all that was required by the act and we do not interpret *Jaworski, supra,* as applying to this particular sentencing proceeding.

A fourth issue raised on appeal was whether defendant should have been given credit for the time spent in jail between revocation and reinstatement of his bond. Error has been conceded by appellee in this regard and we agree. We therefore direct that defendant be credited for the 43 days he was incarcerated.

Affirmed in all other respects.

All concurred.