## PEOPLE v FOUNTAIN (AFTER REMAND)

1. WITNESSES—CRIMINAL LAW—TESTIMONY FAVORABLE TO DEFENDANT
   —POSSESSION OF CONCEALED WEAPONS—AFFIRMANCE OF CONVIC-
   TION.

   The testimony of an alleged res gestae witness in a concealed
   weapons trial was not required where the defendant admitted
   possessing the concealed weapon, the witness's testimony could
   only have been relevant to support the defendant's claim that
   there was no probable cause for the search which revealed the
   weapon, and that issue had not been timely raised by the
   defendant by a motion to suppress the evidence.

2. SEARCHES AND SEIZURES—CONCEALED WEAPONS—EVIDENCE—PROBA-
   BLE CAUSE TO SEARCH—APPEAL AND ERROR.

   Consideration of a search and seizure issue for the first time on
   appeal does not lead to reversal of a concealed weapons convic-
   tion where under either the defendant's or the prosecutor's
   theories there was probable cause to search.

3. APPEAL AND ERROR—APPEAL FILED—FEES PAID—DOCKET NUMBER
   ASSIGNED—JURISDICTION—COURT RULES.

   Once a claim of appeal is filed, the proper fee paid and a docket
   number assigned, the Court of Appeals has jurisdiction of the
   case (GCR 1963, 802.1).

4. CRIMINAL LAW—HABITUAL CRIMINAL ACT—CRIMINAL DEFENSES—
   SEPARATE OFFENSES—APPEAL PENDING—COURTS—JURISDICTION.

   Habitual offender statutes do not charge separate substantive
   criminal offenses, but the proceedings are distinct from the
   proceedings on the substantive offense where conviction may
   constitute an element of the habitual offender charge; the fact
   that a trial court has no jurisdiction over a concealed weapons
   charge, which is presently pending on appeal, does not affect

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 708, 711, 722.
[2] 5 Am Jur 2d, Appeal and Error § 545.
[3] 4 Am Jur 2d, Appeal and Error § 314.
[4] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
    §§ 31, 32.

the trial court's jurisdiction to hear an habitual offender charge resulting from the conviction which is being appealed.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted November 8, 1976, at Detroit. (Docket Nos. 27104, 28788.) Decided July 19, 1977.

Alvin K. Fountain was convicted of carrying a concealed weapon and subsequently convicted of being an habitual criminal. Defendant appeals both convictions. The cases were consolidated on appeal. Concealed weapons conviction remanded for further proceedings (opinion unpublished), with jurisdiction retained in both appeals. After remand, convictions affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Stephen H. Boak,* Director, Prosecutor's Repeat Offenders Bureau, and *Raymond P. Walsh,* Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for defendant.

Before: ALLEN, P. J., and T. M. BURNS and BEASLEY, JJ.

### After Remand

PER CURIAM. On September 23, 1975, defendant was convicted of carrying a concealed weapon, MCLA 750.227; MSA 28.424, by the trial court sitting without a jury. He was sentenced to three to five years in prison.

On February 26, 1976, defendant was charged as an habitual criminal, MCLA 769.12; MSA 28.1084.

He was jury convicted of the offense and sentenced to 15 to 30 years in prison.

Defendant appealed from both convictions. In an opinion issued on December 10, 1976, we remanded #27104, the CCW conviction and held #28788, the habitual offender case, in abeyance.

In the CCW case, police officers testified that while they were sitting in a bar, on plainclothes duty, the defendant approached them and asked if they wanted to buy some hot rings. One of the officers identified himself, defendant made a furtive gesture toward his hip, the officer drew his gun, searched defendant and found a gun in his belt. Defendant testified that he had offered to sell a ring to the bartender and that the bartender handed the ring to the police. We remanded the case for an evidentiary hearing pursuant to *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973). The bartender was clearly an eyewitness who had not been endorsed or produced at trial.

On January 13, 1977, a hearing was held before Judge Joseph Gillis of the Recorder's Court. The bartender was produced and examined. He testified that the defendant approached him in the presence of the police officers and offered to sell him a ring for $20. While the bartender was examining the ring, one of the officers asked to see it. The officer showed defendant his badge and asked if the price was the same for him. At the time, defendant had a jacket draped over one arm. When the officer identified himself, defendant dropped the arm holding the jacket. The officer drew his gun, told defendant not to reach for the jacket, and pushed defendant out of the bar. After listening to the witness, the trial judge confirmed his finding of guilty in the bench trial.

Defense counsel correctly argued at the remand

hearing that the bartender's testimony supported the defendant's side of the story and not that of the police. Whatever that fact may have to say regarding the quality of memory or veracity of the police officers, however, it is of little help to the defense. Defendant admitted possessing the concealed weapon. The only conceivable effect of the bartender's testimony would be to aid a lack-of-probable-cause-to-search argument. But no motion to suppress was made at trial even though the presence of the gun was known prior to that time. Even were we to consider the search and seizure issue for the first time on appeal we would have to conclude, as did the trial judge, that under either the defendant's or the prosecutor's theories there was probable cause to search.

Having resolved the only meritorious issue in the CCW case against the defendant, we must affirm the conviction. *FILE #28788.*

Defendant was sentenced on the CCW conviction on September 30, 1975. Claim of appeal was filed on January 7, 1976. On February 26, 1976, defendant was charged as an habitual criminal under MCLA 769.12; MSA 28.1084. He was arraigned on April 8, 1976, and jury convicted on April 9, 1976.

Defendant argues that the trial court was without jurisdiction to sentence him as an habitual offender while his appeal of the fourth offense was pending on appeal. Defendant's claim is based on GCR 1963, 802.1, which provides that once a claim of appeal is filed, the proper fee paid and a docket number assigned, the Court of Appeals has jurisdiction of the case. MCLA 769.13; MSA 28.1085 provides in part:

"If at any time after conviction and either before or after sentence it shall appear that a person convicted of a felony has previously been convicted of crimes as set

forth in any of the 3 foregoing sections, the prosecuting attorney * * * may file a separate or supplemental information in such cause accusing the said person of such previous convictions."

While it is true that habitual offender statutes do not charge separate substantive criminal offenses, *People v Holbrook,* 60 Mich App 628; 231 NW2d 469 (1975), the proceedings under the statute are distinct from the proceedings on the substantive offense the conviction of which may constitute an element of the habitual offender action. The fact that the trial court was without jurisdiction in the CCW case did not affect its jurisdiction on the habitual offender charge.

The other issues raised concerning the validity of the habitual offender proceedings are answered by existing precedent. *People v Hatt,* 384 Mich 302; 181 NW2d 912 (1970), *People v Holbrook, supra, People v Hendrick,* 52 Mich App 201; 217 NW2d 112 (1974).

The trial court did not abuse its discretion in denying defendant's request for an adjournment or continuance of the habitual offender trial. Defendant made no showing of good cause for a continuance and it is difficult to imagine such good cause where the only real issue is identity. See *People v Smith,* 334 Mich 10; 53 NW2d 595 (1952).

Affirmed.