PEOPLE v STEVENS

Docket No. 77-3434. Submitted April 11, 1978, at Lansing.—Decided
    February 6, 1979. Leave to appeal applied for.

Donald Stevens was convicted of unarmed robbery, and subse-
    quently pled guilty to a supplemental information charging
    him as a habitual offender, Livingston Circuit Court, Paul R.
    Mahinske, J. Defendant appeals, alleging that certain articles
    were erroneously admitted into evidence because of a break in
    the chain of custody, and that his guilty plea to the habitual
    offender charge should be vacated because the proceeding did
    not comply with the court rule governing the taking of guilty
    pleas. *Held:*

    1. The articles were properly admitted into evidence. Alleged
    breaks in the chain of custody go to the weight of the evidence,
    not its admissibility, where there is sufficient evidence that the
    items are what they are purported to be and that they are
    connected with the crime.

    2. A habitual offender proceeding is a critical stage of a
    criminal prosecution which is subject to the same evidentiary
    and procedural rules as a regular trial. A guilty plea proceed-
    ing must, therefore, comply with the court rule governing
    guilty plea proceedings.

    Defendant's unarmed robbery conviction is affirmed; his
    guilty plea is vacated and the case remanded.

    DANHOF, C.J., dissented. He would hold that the court rule
    does not apply to a habitual offender proceeding because the
    defendant is not being charged with a separate criminal of-

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 774.
[2] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
    §§ 18, 23.
[3] 21 Am Jur 2d, Criminal Law §§ 484-496.
    39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 19,
[4, 5] 21 Am Jur 2d, Criminal Law § 490.
    39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 20.
    Court's duty to advise or admonish accused as to consequences of
    plea of guilty, or to determine that he is advised there of. 97
    ALR2d 549.

fense, it is not constitutionally required that the defendant be advised of the full panoply of rights guaranteed in the trial of a criminal offense, and the factual issues involved in a habitual offender proceeding are limited in scope.

OPINION OF THE COURT

1. CRIMINAL LAW — EVIDENCE — CHAIN OF CUSTODY — WEIGHT OF EVIDENCE.

Breaks in the chain of custody of profferred physical evidence do not require that the evidence be excluded where the prosecution lays a foundation identifying the articles as what they are purported to be and shows that they are connected with the crime or with the accused; any breaks in the chain of custody go to the weight of the evidence, not its admissibility.

2. CRIMINAL LAW — HABITUAL OFFENDERS — CRITICAL STAGE — STATUTES.

A habitual offender proceeding is a critical stage of a criminal prosecution, in which the defendant has a right to a trial by jury and the prosecution must prove the charges beyond a reasonable doubt; the proceeding is subject to the same evidentiary and procedural rules as a regular trial (MCL 769.13; MSA 28.1085).

3. CRIMINAL LAW — HABITUAL OFFENDERS — PLEA OF GUILTY — COURT RULES.

The court rule governing pleas of guilty is to be generally complied with in the case of a defendant pleading guilty to a habitual offender charge; specifically, the defendant should be advised of the possible maximum sentence, of his right to be tried by a jury or by the court, of his presumption of innocence, of the people's burden of proof, of his right to confrontation of witnesses and to compulsory process, and of his right to testify or to remain silent, as well as certain rights under the court rule (GCR 1963, 785.7).

DISSENT BY DANHOF, C.J.

4. CRIMINAL LAW — HABITUAL OFFENDERS — DISTINCT OFFENSE — STATUTES.

*A habitual offender information does not charge a defendant with committing a criminal offense but merely informs the court of the fact of the defendant's prior convictions, and the statutory provisions concerning habitual offenders provide for an en-*

hanced punishment for the current offense (MCL 769.12, 769.13; MSA 28.1084, 28.1085).

5. CRIMINAL LAW — HABITUAL OFFENDERS — PLEA OF GUILTY — STATUTES — COURT RULES.

*The court rule governing the acceptance of a guilty plea does not apply to a habitual offender proceeding because the defendant charged with being a habitual offender is not charged with a separate criminal offense, it is not constitutionally required that the defendant be advised of the full panoply of rights guaranteed in the trial of a criminal offense, and the factual issues involved in a habitual offender proceeding are limited in scope (MCL 769.13; MSA 28.1085; GCR 1963, 785.7).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Frank R. DelVero,* Prosecuting Attorney (by *Keith D. Roberts,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*Lawrence R. Greene,* for defendant on appeal.

Before: DANHOF, C.J., and BRONSON and CYNAR, JJ.

BRONSON, J. Defendant was convicted by a jury of unarmed robbery, MCL 750.530; MSA 28.798. He subsequently pled guilty to a supplemental information charging him as a habitual offender pursuant to MCL 769.12; MSA 28.1084 and was sentenced to a prison term of 15 to 30 years. He now appeals as of right.

On July 20, 1976, a lone gunman entered Val's Pizzeria in Brighton, Michigan, and demanded that the contents of the cash register be placed in his hat. The gunman fled the store and entered a red Chevrolet Nova, which left the area. This car was spotted by Trooper Gary Groth of the Michigan State Police and he pursued and stopped the vehicle. After a back-up unit arrived, the occupants were told to leave the car. The officers then

saw a gun in the car and the occupants were placed under arrest. Defendant was one of these occupants, although the testimony at trial established that he was not the gunman who had entered Val's. A subsequent search of the car uncovered a hat containing cash and a Val's menu card.

At trial, defendant objected to the admission of various exhibits offered by the prosecution on the ground that there were breaks in the chain of custody. The trial court overruled the objection. We find no error in the trial court's ruling. The fact that there are breaks in the chain of custody does not require that the evidence be excluded. To be admissible, the prosecution must merely lay a foundation identifying the articles as what they are purported to be and showing that they are connected with the crime or the accused. *People v Kremko,* 52 Mich App 565, 573; 218 NW2d 112 (1974), *People v Burrell,* 21 Mich App 451, 456-457; 175 NW2d 513 (1970). In the present case there was sufficient evidence of the exhibits' identity and connection to the crime to support their admission at trial.[1] Any breaks in the chain of custody go to the weight of the evidence, not its admissibility. *People v King,* 58 Mich App 390, 398-399; 228 NW2d 391 (1975), *People v Mitchell,* 37 Mich App 351, 356; 194 NW2d 514 (1971). Thus, no error occurred.

---

[1] The pistol was identified by the robbery victim as similar to that used by the robber and was identified by police officers as the pistol found in the car and placed in the box. The menu card was identified by a pizzeria employee as one used at the store. The hat was identified by the robbery victim as similar to that used by the robber and was further identified by police officers as the hat found in the car. The envelopes were identified by the officers as those in which the money found in the hat and in the car had previously been placed. Furthermore Chief Eugene Alli of the Brighton State Police Post testified that he retained custody of all eight exhibits commencing July 23, 1976, with the exception of one day when they were subjected to tests at the State Police laboratory.

Defendant next contends that his guilty plea to the habitual offender information should be vacated because the plea proceedings did not comply with the requirements of the guilty plea rule, GCR 1963, 785.7. The prosecution contends that compliance with the guilty plea rule is not mandatory, and a plea proceeding is proper as long as the trial court has complied with the procedures set forth in the habitual offender act.[2] For the reasons stated below, we hold that GCR 1963, 785.7 is applicable to proceedings in which a defendant pleads guilty to a habitual offender information.

As the dissent points out, unlike a regular criminal information, a supplemental information charging defendant as a habitual offender does not charge a defendant with a separate crime, but instead provides for enhanced punishment for the current conviction. *People v Hendrick,* 398 Mich 410; 247 NW2d 840 (1976). This distinction is not determinative.

Perhaps the most appropriate method of addressing the question of the applicability of the guilty plea rule in these situations is to compare a

---

[2] "If at any time after conviction and either *before or after sentence* it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth in any of the 3 foregoing sections, the prosecuting attorney of the county in which such conviction was had, in his discretion, may file a separate or supplemental information in such cause accusing the said person of such previous convictions. Whereupon *the court* in which such conviction was had shall cause the said person whether confined in prison or otherwise, to be brought before it and *shall inform him of the allegations contained in such information, and of his right to be tried as to the truth thereof according to law, and shall require such offender to say whether he is the same person as charged in such information or not.* If he says he is not the same person, or remains silent, the court shall enter a plea of not guilty, and a jury of 12 jurors shall be empanelled from the petit jurors serving at the then or a following term of said court to determine the issues raised by such information and plea. The accused may waive trial by jury in the manner provided by this act. The usual practice in the trial of criminal cases shall be followed * * *." (Emphasis added.) MCL 769.13; MSA 28.1085.

habitual offender proceeding with a regular criminal trial, where the guilty plea rule is applicable, *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), and a probation revocation hearing where the rule is not applicable, *People v Rial,* 399 Mich 431; 249 NW2d 114 (1976).

The habitual offender proceeding is similar to a probation revocation hearing in that in neither case is defendant charged with a criminal offense, and in both situations the proceeding is concerned with a fairly narrow factual issue. At this point, however, the similarities end.

The habitual offender proceeding, like an ordinary criminal trial, is a critical stage of a criminal prosecution. See *People v Johnson,* 386 Mich 305; 192 NW2d 482 (1971), *People v Burton,* 44 Mich App 732; 205 NW2d 873 (1973).[3] Defendants in both instances have the right to a trial by jury, MCL 769.13; MSA 28.1085, and the prosecution must prove the charges by proof beyond a reasonable doubt. *People v Covington,* 70 Mich App 188, 191; 245 NW2d 558 (1976), *lv den* 402 Mich 843 (1977). Furthermore, the habitual offender proceeding is subject to the same evidentiary and procedural rules as a regular trial, MCL 769.13; MSA 28.1085. A probation revocation hearing is *not* a stage of a criminal prosecution, *Rial, supra,* at 435. Defendant does *not* have the right to a jury trial, *People v Gladdis,* 77 Mich App 91, 96; 257 NW2d 749 (1977), and the violation need only be proven by a preponderance of the evidence. *People v Miller,* 77 Mich App 381, 387; 258 NW2d 235 (1977). Moreover, the revocation proceeding is

---

[3] Since these cases hold that sentencing is a critical stage and the habitual offender proceeding is a procedure for determining what sentence defendant is to be given, see *Hendrick, supra,* it necessarily follows that the habitual offender proceeding is a critical stage of the criminal prosecution.

deemed to be summary and informal, and the normal evidentiary and procedural rules of a criminal trial are *not* applicable. *Rial, supra,* at 436.

Taking all these factors into consideration, it seems clear that the habitual offender proceeding is much closer to a regular criminal trial than a probation revocation hearing, and also that a guilty plea to a habitual offender charge involves the waiver of substantial criminal trial rights not afforded a defendant at a probation revocation hearing. For these reasons, the guilty plea rule should apply to habitual offender proceedings. To hold otherwise merely because the proceeding does not technically charge defendant with any crime appears to exalt form over substance. A defendant pleading guilty to a recidivist charge is waiving substantial rights and is subjecting himself to the possibility of enhanced punishment. From the defendant's point of view such a charge is no different from any other criminal charge. In order to establish that the plea is intelligently, understandingly, and voluntarily given, compliance with GCR 1963, 785.7 is required.

Because the sentencing consequences can be more severe than the individual convictions upon which the habitual offender charge is premised, it is imperative that the defendant understand his rights when pleading guilty to the habitual charge.[4] Therefore, the defendant should be advised of the possible maximum sentence, right to be tried by the court or jury, his presumption of

---

[4] This Court realizes that whenever it mandates requirements for the trial court to follow, an extra burden is thrust upon the trial court's already burgeoning dockets. However, considering compliance with the guilty plea rule is required before accepting a plea to even a six-month misdemeanor (GCR 1963, 785.10), it is not reasonable to ask the trial courts to spend a few extra minutes to comply with the guilty plea rule before it accepts a habitual offender plea which could subject defendant to life imprisonment.

innocence, the people's burden of proof, his right to confrontation and compulsory process, his right to testify or remain silent without having the silence used against him as well as his rights under subsections (2) and (3) of GCR 1963, 785.7.[5]

We realize that *People v Parker,* 50 Mich App 537; 213 NW2d 576 (1973), held that a defendant need not be informed of his *Jaworski* rights[6] prior to pleading guilty to a supplemental information charging him with being a habitual offender. This case was decided prior to the promulgation of the guilty plea rule, GCR 1963, 785.7. We feel that due to the increased judicial awareness of the problems which may arise at a guilty plea proceeding and the greater scrutiny of these proceedings which has been engendered by the guilty plea rule and subsequent cases, the rule announced in *Parker* is no longer controlling. However, since trial judges may have justifiably relied on *Parker* when taking pleas to habitual offender charges, the rule announced in this opinion is to be given prospective application.

Defendant's conviction for unarmed robbery is affirmed. His guilty plea to the recidivist charge is vacated, and the case is remanded for further proceedings consistent with this opinion.

CYNAR, J., concurred.

DANHOF, C.J. *(dissenting).* Defendant was con-

---

[5] Since we perceive no set of facts under which a defendant could be further charged as a recidivist or have his probation or parole revoked as a result of pleading guilty to a habitual offender charge, subsections (c) and (e) of GCR 1963, 785.7(1) need not be followed.

[6] In *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972), the Michigan Supreme Court held that before a trial court could accept defendant's guilty plea, it must inform the defendant of his right to trial by jury, his right to confront his accusers, and his privilege against self-incrimination.

victed by a jury of unarmed robbery, MCL 750.530; MSA 28.798, and was subsequently sentenced as a habitual offender, MCL 769.12; MSA 28.1084. On appeal defendant claims that the trial judge erred reversibly by allowing certain items to be admitted into evidence and by failing to follow the procedures required by GCR 1963, 785.7 in accepting defendant's guilty plea to the habitual offender charges. While I agree with the majority's conclusion that the trial judge did not err in allowing this evidence to be admitted, I do not agree with the holding that the judge erred reversibly by failing to comply with GCR 1963, 785.7 in accepting defendant's plea to the habitual offender supplemental information.

Stated simply, the issue to be resolved is whether GCR 1963, 785.7 applies to proceedings under MCL 769.13; MSA 28.1085. GCR 1963, 785.7 is silent as to whether it applies to habitual offender proceedings. This silence is ambiguous. A defendant at a habitual offender proceeding is pleading to a supplemental information and this, at first glance, tends to support the conclusion that this proceeding is a stage of a criminal prosecution to which GCR 1963, 785.7 applies. However, this information does not charge defendant with committing a criminal offense, but rather, it merely informs the court of the fact of defendant's prior convictions, see *People v Shotwell,* 352 Mich 42; 88 NW2d 313 (1958), *cert den* 356 US 976; 78 S Ct 1141; 2 L Ed 2d 1149 (1958), *People v Palm,* 245 Mich 396; 223 NW 67 (1929). Also, Justice LEVIN's concurring opinion in *People v Rial,* 399 Mich 431, 438; 249 NW2d 114 (1976), which describes GCR 1963, 785.7 as "governing acceptance of an accused person's plea of guilty to an information charging commission of a criminal offense", supports the

conclusion that the rule does not apply to habitual offender proceedings. The habitual offender provisions of the Code of Criminal Procedure do not create a separate criminal offense, but rather provide for an enhanced punishment for the current offense, *People v Hendrick,* 398 Mich 410; 247 NW2d 840 (1976).

The idea that proceedings under the habitual offender provisions do not charge a crime separate from the current felony charge has long been recognized, see *Graham v West Virginia,* 224 US 616; 32 S Ct 583; 56 L Ed 917 (1912), *People v Hendrick, supra, People v Hatt,* 384 Mich 302; 181 NW2d 912 (1970), *People v Shotwell, supra, People v Judge of Recorder's Court,* 251 Mich 626; 232 NW 402 (1930), *People v Fountain (After Rem),* 77 Mich App 71; 257 NW2d 671 (1977), *People v Holbrook,* 60 Mich App 628; 231 NW2d 469 (1975), *People v Ungurean,* 51 Mich App 262; 214 NW2d 873 (1974). The placement of the habitual offender provisions in the Code of Criminal Procedure, MCL 760.1 *et seq.;* MSA 28.841 *et seq.,* rather than in the Penal Code, MCL 750.1 *et seq.;* MSA 28.191 *et seq.,* reflects this idea, see *People v Shotwell, supra.*

Under the original statute,[1] the accusation of a previous conviction was charged in the indictment and admitted or subject to proof at trial. When the Code of Criminal Procedure, *supra,* was enacted in 1927, it provided for an alternative method to determine whether a defendant had been previously convicted of a felony, see MCL 769.13; MSA 28.1085. This procedure was established to avoid prejudicing the defendant by exposing the jury to evidence of his prior criminal offenses. It is no longer required that the defendant be indicted and

---

[1] 1915 CL 15612, 15613; 1897 CL 11785, 11786; 1857 CL 5948, 5949.

convicted as a previous offender in order to receive the increased punishment, MCL 769.12; MSA 28.1084. MCL 769.13; MSA 28.1085, sets up a separate post-trial procedure. That section allows the prosecutor to file a supplemental information after a conviction and requires the judge to inform the defendant of the accusations, of his right to trial according to law, and to ask the defendant whether he is the same person as charged in such information. The section then provides for a jury trial on the factual questions involved if defendant remains silent or denies that he is the same person. Although this section is silent on this matter, if defendant acknowledges that he is the person who was convicted of the earlier felonies, this is viewed as an admission of those convictions. These admissions by the defendant, after being advised of the charges and his right to trial, are sufficient to support the application of habitual offender sentencing provisions.

Although this procedure does not grant defendant the full panoply of rights guaranteed in proceedings charging the commission of a separate criminal offense,[2] it does adequately preserve the right to a jury trial and is not constitutionally infirm, see *People v Parker,* 50 Mich App 537; 213 NW2d 576 (1973). Also, the statute implicitly provides that an acknowledgment by the defendant that he is the same person who was convicted of the earlier crimes constitutes a sufficient waiver of defendant's right to a trial by jury. Even though MCL 769.13; MSA 28.1085 does not require a recital of the rights defendant would be waiving by admitting the previous convictions, as is required

[2] See *People v Judge of Recorder's Court,* 251 Mich 626; 232 NW 402 (1930), *People v Palm,* 245 Mich 396; 223 NW 67 (1929); *People v Holbrook,* 60 Mich App 628; 231 NW2d 469 (1975); *People v Ungurean,* 51 Mich App 262; 214 NW2d 873 (1974).

in pleas to criminal offenses, this procedure was upheld in *People v Parker, supra,* in the face of *Jaworski*[3] challenges. If a judge is not constitutionally required to advise a defendant of his *Jaworski* rights at a habitual offender proceeding, then, *a fortiori,* he would not be constitutionally required to advise defendant of his non-*Jaworski* rights, *Cf. Guilty Plea Cases,* 395 Mich 96, 122; 235 NW2d 132 (1975). As a constitutional matter, the difference in the requirements and protections accompanying a trial for the commission of a criminal offense and for habitual offender proceedings is justified on the basis of the more limited nature and scope of the issues involved in habitual offender proceedings and on the basis that the habitual offender provisions do not create a separate crime distinct from the current felony. As the United States Supreme Court noted in *Graham v West Virginia, supra,* at 627, "To repeat, the inquiry is not into the commission of an offense; as to this, indictment has already been found and the accused convicted. There remains simply the question as to the fact of previous conviction." The issue of whether defendant was convicted of an earlier felony is a very narrow one, is usually limited to questions of identification and is normally not difficult to prove.

Considering that the habitual offender provisions do not charge defendant with a separate criminal offense but only provide for the enchancement of punishment for the current offense, *People v Hendrick, supra,* and that advice on the full panoply of rights constitutionally guaranteed in the trial of a criminal offense is not constitutionally required in habitual offender proceedings, *People v Parker, supra,* and the limited scope of

---

[3] *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972).

the factual issues involved in habitual offender proceedings, I conclude that the Supreme Court did not intend GCR 1963, 785.7 to apply to habitual offender proceedings. While I agree with the majority's conclusion that probation revocation proceedings are distinguishable in many respects from proceedings under MCL 769.13; MSA 28.1085, I think the analysis used by the Supreme Court in *People v Rial, supra,* in holding that GCR 1963, 785.7 does not apply to probation revocation hearings is applicable to the issue involved in this case. The waiver of a jury trial in habitual offender proceedings is similar to the waiver of a full hearing at a probation revocation proceeding in that it is not necessarily unconstitutional for the defendant to waive these later hearings without being advised of his *Jaworski* rights. This similarity is relevant to the issue of whether GCR 1963, 785.7 applies. Many of the provisions of GCR 1963, 785.7 were inserted into the rule to explicitly require the judge to be certain that the proceedings complied with all the constitutional requirements applicable to a plea of guilty to a criminal charge. The fact that advice of all these rights is not constitutionally required in habitual proceedings, *People v Parker, supra,* demonstrates that one of the primary rationales supporting some provisions of GCR 1963, 785.7 does not directly apply to habitual offender proceedings. This does not necessarily indicate that the rule was not intended to apply to habitual offender proceedings but rather it demonstrates that one of the major purposes behind applying GCR 1963, 785.7 has already been fulfilled by the procedure required by MCL 769.13; MSA 28.1085, even if GCR 1963, 785.7 is not applied.

Another important similarity to *People v Rial,*

*supra,* is the limited nature and scope of the issues involved at habitual offender proceedings. Although habitual offender proceedings are distinguishable from probation revocation proceedings by the fact that the right to a trial by jury is preserved, the scope of the factual issues involved in habitual offender proceedings is very narrow. In most cases, the fact issues involved in habitual offender proceedings are probably more narrow and easier to resolve than the issues presented in probation revocation hearings.

In summary, I conclude that GCR 1963, 785.7 does not apply to proceedings under MCL 769.13; MSA 28.1085. This conclusion is based on the recognized principle that the habitual offender provisions do not create a separate offense but rather provide for the enhancement of punishment for the current offense. This conclusion is also supported by the procedure established by MCL 769.13; MSA 28.1085 for resolving the limited issues involved in habitual offender proceedings. It is undisputed that the judge in this case fully complied with the procedures under MCL 769.13; MSA 28.1085, and since defendant does not claim that his admissions of the previous convictions and the waiver of his right to trial by jury were not knowingly, voluntarily or understandingly made, I would affirm the conviction.