PEOPLE v ARENDA

Docket Nos. 78-2155, 78-2156. Submitted April 9, 1980, at Lansing.—
Decided June 2, 1980. Leave to appeal applied for.

Mike T. Arenda was convicted of first-degree criminal sexual
conduct following a jury trial and, thereafter, on his plea of
guilty, was convicted of being a habitual offender, Bay Circuit
Court, John X. Theiler, J. Prior to trial, the prosecution moved
for suppression of any reference to evidence of prior sexual
conduct between the victim, defendant's eight-year-old son, and
third parties. Judge Theiler granted the prosecution's motion.
At trial, during both the examination and cross-examination of
both the victim and a protective services worker, references
were made to prior sexual encounters between the defendant
and the victim. Defendant neither moved for the suppression of
such references nor objected to the references when made. At
the time of taking defendant's plea of guilty to being a habitual
offender, the trial court failed to inform the defendant of the
nature of the offense to which he was offering his plea and
failed to inform defendant of his right to a public trial. Defen-
dant appeals. *Held:*

1. The suppression of any evidence of the victim's sexual
conduct with third parties was proper, since neither of the
exceptions contained in the admissibility of evidence provision
of the criminal sexual conduct statute are applicable. The
suppression of such evidence did not violate the defendant's
Sixth Amendment right to confrontation.

2. Reversal of the conviction for first-degree criminal sexual
conduct is mandated by reason of the references to the prior
sexual acts between the defendant and the victim. Since a
defendant's general denial of having engaged in the prohibited

REFERENCES FOR POINTS IN HEADNOTES

[1] 6 Am Jur 2d, Assault and Battery § 229.

[2, 4] 29 Am Jur 2d, Evidence § 320 *et seq.*

[3] 21 Am Jur 2d, Criminal Law §§ 489, 491.5.

Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof. 97
ALR2d 549.

[4] 5 Am Jur 2d, Appeal and Error §§ 601, 602.

acts is not sufficient to trigger the application of the similar acts statute, and since the question of defendant's intent, motive, scheme, plan or system or the absence of mistake or accident were not at issue, the admission of such evidence of prior similar acts was error. Since the case turned on the weighing of the credibility of defendant and the victim, this error cannot be considered to be harmless error.

3. The failure of the trial court to inform the defendant prior to accepting defendant's plea of guilty to being a habitual offender of his right to a public trial was error and mandates reversal of defendant's conviction for being a habitual offender.

Reversed and remanded.

N. J. Kaufman, J., dissents in part and concurs in part. While he concurs that suppression of evidence of the victim's sexual conduct with third parties was proper and the reversal of the plea-based conviction for being a habitual offender is mandated, he would hold that the references to prior similar acts between the defendant and the victim do not mandate reversal of the conviction for first-degree criminal sexual conduct. He would affirm the conviction for first-degree criminal sexual conduct, reverse the habitual offender conviction and remand for resentencing.

## Opinion of the Court

1. Criminal Law — Evidence — Criminal Sexual Conduct — Sexual Behavior with Third Persons — Constitutional Law — Right of Confrontation — Statutes.

Evidence of a young male victim's sexual encounters with persons other than the defendant is not admissible in a trial for criminal sexual conduct, since such evidence does not fall within either of the exceptions contained in the admissibility of evidence section of the criminal sexual conduct act; a defendant's Sixth Amendment right to confrontation is not violated by the statutory prohibition against admission of evidence of sexual encounters with third parties by a victim of a criminal sexual assault (MCL 750.520j; MSA 28.788[10]).

2. Criminal Law — Evidence — Similar Acts — Limited Purpose of Similar Acts Statute — Triggering of Similar Acts Statute — Statutes.

Reversible error results from the admission in a jury trial for criminal sexual conduct of evidence of prior sexual acts between the defendant and the victim where the question of defendant's motive, intent, plan, scheme or system or the absence of accident or mistake are not at issue; a mere general

denial by defendant is insufficient to trigger the use of the similar acts statute (MCL 768.27; MSA 28.1050).

3. Criminal Law — Habitual Offenders — Plea of Guilty — Informing of Nature of Offense — Informing of Right to Trial.

   Reversible error results where a trial court, prior to accepting a plea of guilty under the habitual offender act, fails to inform the defendant of his right to a public trial.

Partial Concurrence and Partial Dissent by N. J. Kaufman, J.

4. Criminal Law — Evidence — Similar Acts — Absence of Objection.

   *Reversal is not mandated by references in a trial for criminal sexual conduct to prior sexual acts between the defendant and the victim where there was no motion to suppress such references, there was no objection to such references when made, and defense counsel actively pursued inquiry with respect to the other similar acts.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas E. Bock,* Assistant Prosecuting Attorney, for the people.

*Lynn Chard,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. C. Riley, P.J., and R. B. Burns and N. J. Kaufman, JJ.

D. C. Riley, P.J. On January 20, 1978, defendant was convicted by a jury of three counts of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), involving his son, a child of eight years. On that same date, defendant pled guilty to being a habitual offender, MCL 769.12; MSA 28.1084. He was sentenced to 22 to 40 years and now appeals as of right.

Defendant first contends that it was error for the lower court to bar any questioning regarding the victim's possible sexual contacts with third parties.

MCL 750.520j; MSA 28.788(10) provides:

"SEC. 520j. (1) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct shall not be admitted under sections 520b to 520g unless and only to the extent that the judge finds that the following proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:

"(a) Evidence of the victim's past sexual conduct with the actor.

"(b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease."

This statute establishes a general evidentiary rule of exclusion, subject to the limited exceptions set forth in subsections (1)(a) and (1)(b). Since information about the child's alleged outside sexual encounters does not fall within either exception, the trial court properly applied the statute's exclusionary provision. We do not believe that the court's ruling violated defendant's Sixth Amendment right to confrontation. See *People v Thompson*, 76 Mich App 705; 257 NW2d 268 (1977).

Defendant also maintains that it was error to admit evidence of alleged similar acts between himself and the complainant without allowing him to rebut it. We agree. Similar acts may only be admitted under certain limited circumstances,

such as to prove intent, plan, scheme, system, etc.[1] Before the prior acts can be admitted, it must be shown that one or more of the statutory purposes is material or at issue. A mere general denial by the defendant is insufficient to trigger this analysis.[2] *People v Major,* 407 Mich 394, 398-400; 285 NW2d 660 (1979).

In the instant case, defendant generally denied participating in the alleged acts of fellatio, claiming that he was not with his son when the acts occurred. However, he made no further averments, such as mistake or accident, which would have

---

[1] The statute in effect at the time of defendant's trial provided:

"Sec. 27. In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant." MCL 768.27; MSA 28.1050.

This statute was superseded by the following rule, which became effective after defendant's trial.

"Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crime, wrongs, or acts are contemporaneous with, or prior or subsequent to the crime charged." MRE 404(b).

[2] There is also an exception to the general rule barring similar acts testimony in sexual cases, which allows a complainant to testify regarding other sexual acts committed against him or her by the accused. See *People v DerMartzex,* 390 Mich 410, 413-415; 213 NW2d 97 (1973). This would normally allow the infant complainant to testify as to prior acts.

In the instant case, charges were filed against the defendant for alleged prior similar acts, but these were dismissed at the preliminary examination. The child was unable to testify clearly at trial if or when the prior offenses took place. Under these circumstances, the prejudicial impact of the child's and other witnesses' testimony on possible similar offenses far outweighed any probative value. *DerMartzex, supra,* 415. We must conclude, therefore, that it was reversible error for the judge to permit any testimony on prior similar acts.

brought such issues as motive, intent or identity into issue. We believe, therefore, that the lower court erred in allowing the similar acts testimony into evidence. Since this case turned on a weighing of credibility between the defendant and the complainant, the error cannot be considered harmless but must be deemed grounds for reversal and a new trial.

Reversal is also mandated due to the lower court's faulty acceptance of defendant's habitual offender guilty plea. In *People v Stevens*, 88 Mich App 421, 427; 276 NW2d 910 (1979), this Court held that trial courts must comply with the rigorous procedural requirements of GCR 1963, 785.7, in taking habitual offender pleas, just as they would in accepting any other guilty pleas. However, this holding was only to have prospective application. *Stevens, supra,* 428. The prior standard for acceptance of habitual offender pleas required judges to inform defendants of the charge levied against them and of their right to public trial. *People v Parker,* 50 Mich App 537, 540-541; 213 NW2d 576 (1973). Even this modest standard was not complied with in the instant case, since the trial court never expressly informed defendant that he had a right to trial on the habitual offender charge.

Defendant's other claims are without merit and need not be addressed.

Reversed and remanded for proceedings consistent with this opinion.

R. B. BURNS, J., concurred.

N. J. KAUFMAN, J. *(dissenting in part, concurring in part).* I must lodge a partial dissent to the position taken by my colleagues. I do not agree

that impropriety arose from the admission of similar acts evidence on the facts of this case.

There were only two instances wherein testimonial references were made to uncharged similar acts defendant might have engaged in with the complainant. On direct examination, the complainant first indicated that the defendant might have taken liberties with him on prior occasions, but, he wasn't sure. Then, the complainant answered affirmatively when asked if prior incidents had occurred. On cross-examination, complainant recanted, indicating he did not know if he had ever done anything with the defendant before. The complainant was a confused, nervous and possibly frightened nine-year-old boy. Testimonial inconsistencies can be understood and anticipated in such situations. I do not feel that this testimony can be said to have improperly introduced similar acts into evidence.

The second testimonial reference came with the examination of the protective services worker. She testified, on direct examination, that the complainant had told her of various dates upon which similar acts occurred. On cross-examination, defense counsel interrogated the witness further in this particular area. I believe that this inquiry was part of a defense strategy to discredit the complainant by exhibiting the inconsistencies and contradictions in the complainant's testimony. Another stratagem might have been to highlight the physical impossibility of the task attributed to the defendant by emphasizing the frequency with which these incidents allegedly occurred.

In either event, I do not feel that this cause should be reversed due to the improper admission of similar acts evidence. The complainant's testimony did not generate such an error, and the

protective services worker's testimony merely consisted of matters the complainant had related to her outside the courtroom.

Another factor worthy of note which supports the idea that defense counsel utilized the protective services worker's testimony as part of a defense strategy is that defense counsel never objected to the introduction of similar acts evidence. No motions were made to suppress such evidence under the similar acts statute and the trial court was never called upon to rule in this area.[1] The only motion made that might possibly encompass this subject matter was a prosecutorial motion to exclude evidence of the complainant's prior sexual activities with third persons brought under the restrictive evidence provision of the criminal sexual conduct statute. The trial court granted this motion, and defendant premises one of his allegations of error thereupon. At trial, however, defense counsel questioned the complainant in defiance of the court's admonition and received an answer. Thus, evidentiary exclusion under the restrictive evidence provision did not work to defendant's prejudice.

I disagree with the majority only on the similar

---

[1] Even though I do not feel the testimony herein brought the similar acts issue to the fore, if it had, I would favor admission. Such has been the state of the law for over 100 years. As Mr. Justice CHRISTIANCY stated in *People v Jenness,* 5 Mich 305, 323-324 (1858), an appeal from a conviction of incest:

"[W]here a witness has testified to a fact or transaction which, standing alone and entirely unconnected with anything which led to or brought it about, would appear in any degree unnatural or improbable in itself, without reference to the facts preceding and inducing the principal transaction, and which, if proved, would render it more natural and probable; *such* previous facts are not only admissible and relevant, but they constitute a necessary part of such principal transactions—a link in the chain of testimony, without which it would be impossible for the jury properly to appreciate the testimony in reference to such principal transaction." (Emphasis in original.)

See also *People v DerMartzex,* 390 Mich 410; 213 NW2d 97 (1973).

acts issue. I join in their treatment of defendant's remaining allegation. Accordingly, I would affirm defendant's criminal sexual conduct conviction, reverse his habitual offender guilty plea, and remand this cause for resentencing upon the former conviction.